952 F.2d 405
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leroy KNIES and Nancy Knies, Plaintiffs-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Michael Clark,
individually, and United States of America,
Defendants-Appellees.
 No. 90-3393.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Jan. 9, 1992.
 
 Before WOOD, JR., and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 This suit was initiated after the Internal Revenue Service (IRS) issued two levies against Leroy Knies' paycheck due to his failure to pay assessed income taxes for the years 1979 through 1986.[1] Mr. Knies brought suit attempting to challenge the IRS' initial assessment of an income tax deficiency. Nancy Knies brought suit under 26 U.S.C. § 7426(a) claiming that her wages were also being appropriated even though she had never been assessed as owing delinquent income tax and no levy was lodged against her wages. The district court granted the defendants' motion to dismiss for failure to establish the court's jurisdiction and for failure to state a claim upon which relief can be granted. This appeal follows.
 
 
 2
 Although the parties attached additional evidence with their briefs arguing the motion to dismiss, the district court relied solely on the allegations in the complaint in determining that dismissal was warranted. Therefore, we review the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. We accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiffs. "A party fails to state a claim upon which relief may be granted only if that party 'can prove no set of facts upon which relief may be granted.' " Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir.1990) (citations omitted).
 
 I. NANCY KNIES' CLAIM
 
 3
 Mrs. Knies' claim is based on § 7426(a).[2] She alleges that the levy on the entire paycheck unlawfully seized property in which she had an interest and, therefore, constitutes a wrongful levy.[3] Section 7426(a) provides:
 
 
 4
 (1) If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.
 
 
 5
 The district court recognized that Nancy Knies, as a third party, could bring suit under this statute. The court stated that to succeed on such a claim, Mrs. Knies needed to show that she has an interest in the property and that the property was the subject of a wrongful levy. In finding that Mrs. Knies could not prevail on this claim, the court wrote:
 
 
 6
 Plaintiff Nancy Knies admits that her husband, plaintiff Leroy Knies, has an interest in the property held by Feldman. Amended Complaint § 2. Nancy Knies bears the burden of proving, however, that the taxpayer has no interest in the funds due to plaintiff Leroy Knies, that she is the owner of the funds, instead, and that her interest is superior to the government's.... Accordingly, plaintiff Nancy Knies cannot sustain her burden, as the levy is not wrongful because taxpayer plaintiff Leroy Knies admittedly has an interest in the funds held by Feldman.
 
 
 7
 (Decision and Order at 5-6).
 
 
 8
 In essence, the district court held that a third party can never bring a suit for wrongful levy if the taxpayer has any interest in the property levied by the government. We disagree.
 
 
 9
 Nancy Knies' claim is controlled by the United States Supreme Court's decision in United States v. National Bank of Commerce, 472 U.S. 713 (1985). The United States initiated suit against National Bank claiming that the bank was liable for its refusal to comply with a tax levy against a delinquent taxpayer.[4] The bank refused to honor the levy because the accounts were not the sole property of the taxpayer, but joint accounts belonging to three individuals. In holding the bank liable, the Supreme Court thoroughly discussed the statutory scheme enabling the IRS to levy upon property and the statutory protections provided to third parties.
 
 
 10
 The Court explained that the government has two tools to enforce the collection of unpaid taxes. First, the government may bring a lien-foreclosure suit in the district court under § 7403. The second instrument for the collection of unpaid taxes is the administrative levy authorized by § 6331. The Court described the administrative levy as a "provisional remedy." Section "6331, unlike § 7403, does not 'implicate the rights of third parties,' because an administrative levy, unlike a judicial lien-foreclosure action, does not determine the ownership rights to the property." National Bank of Commerce, 472 U.S. at 731. The Court explained that § 7426 protects the third parties' property rights. Under this section, "one claiming an interest in property seized for another's taxes may bring a civil action against the United States to have the property or the proceeds of its sale returned." Id. at 728. The Court noted that the statutory provisions "plainly contemplate that a taxpayer's interest in property may be less than full ownership." Id. at 731. The statutory scheme allows the seizure, pursuant to an administrative levy, of any property in which the taxpayer has an interest with "postseizure administrative or judicial hearings" available for the determination of third party property rights after the levy is made. Id.
 
 
 11
 The district court erred in determining that a wrongful levy action may never stand if the taxpayer has any interest in the disputed property. Although the government clearly possessed the authority to seize this property pursuant to an administrative levy, National Bank of Commerce explained that a proper administrative seizure does not leave third party property interests unprotected. Third parties who have an interest in that property may sue under § 7426 claiming that their interest in the property was improperly levied upon and, thus, sue for return of that portion. Nancy Knies has stated a claim under § 7426; therefore, her claim must be remanded to determine what, if any, rights she has to the checks that were levied upon.[5]
 
 II. LEROY KNIES' CLAIMS
 
 12
 Leroy Knies joined this suit challenging the validity of the original assessment of a tax deficiency. He claims that because the assessment was illegal, the government lacks the authority to levy on any of his property. In the complaint, Mr. Knies cites to several general jurisdiction statutes which he claims confers jurisdiction upon the district court.[6] We agree with the district court that Mr. Knies has failed to establish federal court jurisdiction. Therefore, his claims must be dismissed.
 
 
 13
 Federal Rule of Civil Procedure 8(a)(1) provides that the pleadings must set forth "a short plain statement of the grounds upon which the court's jurisdiction depends." Under the principles of sovereign immunity, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " United States v. Dalm, 110, S.Ct. 1361 1368 (1990); see also Enochs v. Williams, 370 U.S. 1 (1962). The "terms" of the United States' consent to suit are found in statutes other than the general jurisdictional statutes.
 
 
 14
 Mr. Knies seeks to enjoin the enforcement of the levies claiming that the original assessment was procedurally deficient. As a preliminary matter, we note that Mr. Knies does not have standing under § 7426 for wrongful levy because the language of that statute expressly prohibits suits by taxpayers. Further, as a general matter, suits seeking to enjoin the assessment or collection of a tax are prohibited by § 7421, also known as the "Anti-Injunction Act." This statute lists several statutory exceptions to the general rule.[7] Mr. Knies has not alleged any facts to demonstrate that he falls within one of the enumerated exceptions.
 
 
 15
 Failing to have overcome the bar of the Anti-Injunction Act, Mr. Knies' only recourse was to file a suit for refund under § 7422. Before a suit can be brought in the district court, an administrative claim for refund must be filed with the Secretary. See § 7422(a). "A timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit." Goulding v. United States, 929 F.2d 329, 331 (7th Cir.1991) (quoting Martin v. United States, 833 F.2d 655, 658-59 (7th Cir.1987)). Nothing in the pleadings or the record suggests that Mr. Knies filed an administrative claim for refund. Therefore, even if we were to construe Mr. Knies' claims as a suit for refund, he has still failed to invoke the jurisdiction of the district court.
 
 CONCLUSION
 
 16
 Accepting the factual allegation contained in the complaint as true, Nancy Knies' allegation that her assets were wrongfully levied upon states a claim upon which relief may be granted. Therefore, we REVERSE the district court's dismissal of this claim and REMAND for further proceedings. We AFFIRM the district court's dismissal of Mr. Knies' claims for lack of jurisdiction. The parties are to bear their own costs for this appeal.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The levy was issued pursuant to 26 U.S.C. § 3661(a) which provides in part:
 If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.
 
 
 [2]
 Unless otherwise noted, all statutory references will be to Title 26 of the United States Code
 
 
 [3]
 This contention is supported, at least initially, by the affidavit of the employer, Aaron Feldman, which the Knies submitted with their brief in opposition to the motion to dismiss. Mr. Feldman's affidavit stated that he hired the Knies to work as a caretaker couple for an apartment building. Mr. Feldman stated that the Knies were given the option of being paid by separate check, but they chose to receive one check payable to Leroy Knies for the work that they both performed
 
 
 [4]
 26 U.S.C. § 6332(d)(1) creates personal liability for any person who refuses to surrender any property subject to levy
 
 
 [5]
 These property rights are to be defined by state law. National Bank of Commerce, 472 U.S. at 721. Nancy Knies asserted a property interest in the wages because she had earned part of them. The parties have not argues as to what, if any, effect Wisconsin's Marital Property Act has on the determination of the spouses' property rights and obligations. That question can be explored on remand. In addition, we note that on remand Mrs. Knies may not challenge the validity of the original tax assessment against her husband because § 7426(c) creates a conclusive presumption that the assessment is valid. We also note, as the defendants correctly pointed out, that § 7426(d) allows only for suit against the United States. Suits against any officer or employee are expressly prohibited
 
 
 [6]
 Mr. Knies claimed jurisdiction is founded on 28 U.S.C. § 1331 governing federal questions, 28 U.S.C. § 1356 governing seizures, and 28 U.S.C. § 1340 for suits concerning internal revenue
 
 
 [7]
 For example, Mr. Knies could have filed a petition in the Tax Court, within 90 days after the notice of deficiency was sent, seeking redetermination of the assessment. Had he done so, any enforcement proceedings would have been stayed until the final decision of the Tax Court