16 F.3d 979
 73 A.F.T.R.2d 94-1257
 Terry L. JONES; Patricia K. Jones; Jones Publishing, Inc.;
Jones Oil Company, Inc.; Jones Petroleum Company, a
partnership also known as Jones Apartments; J.O. Holding,
Inc., also known as Jones Oil Company, Appellants,
v.
UNITED STATES of America; Stephen L. Tinsley; Sandy
Job-Rivera; Christie Stubbert; Charles Vonderschmitt;
John Doe; Jane Roe; Richard Roe; Internal Revenue
Service, Unknown; Department of the Treasury; Department
of Justice, Employees, Appellees.
 No. 93-2384.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1994.
Decided March 1, 1994.
 
 Counsel who presented argument on behalf of the appellants was Robert B. Creager of Lincoln, Nebraska.
 Counsel who presented argument on behalf of the appellees was Annette M. Wietecha, U.S. Department of Justice, Washington, D.C. Gary R. Allen and Charles E. Brookhart of the U.S. Department of Justice, Washington, D.C., appeared on the brief.
 Before BEAM, Circuit Judge, WELLFORD,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 BEAM, Circuit Judge.
 
 
 1
 This case arises out of an IRS tax investigation. The subjects of the investigation filed actions, under the Federal Tort Claims Act (FTCA) and 42 U.S.C. Sec. 1983, against the IRS and its agents. The district court[1] sustained Federal Rule of Civil Procedure 12(b)(1) and (2) motions filed by the IRS[2] and dismissed the complaint. The Joneses[3] appeal. We affirm.
 
 
 2
 The IRS, without the knowledge of the Joneses, commenced a federal tax investigation of the Joneses' business entities. The government concedes that at all relevant times the investigation was in a criminal status, as opposed to being an administrative or civil matter. We think, however, that this makes no difference to the outcome of this dispute.
 
 
 3
 Taking the allegations in the Joneses' complaint as true, as we must, see Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986), it appears that the IRS conducted a rough and tumble, no-holds-barred inquiry into the Joneses' tax practices. The investigation included use of telephone wire taps, personal interviews with acquaintances and business contacts, and searches of and seizures from the Joneses' home and business locations based upon warrants issued by a federal court.
 
 
 4
 The Joneses contend that in the course of the investigation, the IRS (1) failed to use reasonable efforts to obtain reliable and accurate information; (2) failed to use less drastic remedies in aid of the investigation; (3) improperly relied upon inaccurate and false information; and (4) failed to comply with provisions of the internal revenue laws, regulations and the internal revenue manual. The appellants also contend that the United States, as employer of the individual appellees, failed to properly train and supervise its representatives. All of the activities of the government, according to the Joneses, were conducted in a negligent, reckless and unconstitutional manner.
 
 
 5
 The Joneses advance two theories of recovery. Claim one is based on negligence and reckless conduct actionable under the FTCA, 28 U.S.C. Secs. 1346(b), 2671-2680. Claim two alleges violations of rights arising under the Fourth and Fourteenth Amendments to the United States Constitution. The Joneses attempt to assert these constitutional claims through 42 U.S.C. Sec. 1983.
 
 I.
 
 6
 The government, of course, enjoys sovereign immunity except to the extent that such immunity has been waived by an act of Congress. The Joneses contend that negligent and reckless acts which breach state or federal law are actionable torts under the common law of Nebraska. Thus, according to the Joneses, since the FTCA makes the United States "liable ... in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. Sec. 2674, appellants may recover damages from the government and be awarded other equitable relief. However, as noted by the district court, the FTCA contains an exception to its waiver of sovereign immunity for "[a]ny claim arising in respect of the assessment or collection of any tax...." 28 U.S.C. Sec. 2680(c).
 
 
 7
 The Joneses contend that several years have passed without any criminal prosecution or any attempted assessment or collection of taxes or penalties. Thus, the Joneses argue that the "assessment or collection" exception is, in this case, a dead letter addressed to the government and its employees.
 
 
 8
 We think the Joneses read section 2680(c) too narrowly. The tort claim is against the United States, not the individual employees. 28 U.S.C. Sec. 2679. The waiver of sovereign immunity under the FTCA is read broadly and exceptions to the waiver of immunity are generally applied narrowly. United States v. Nordic Village, Inc., --- U.S. ----, ----, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992) (citing United States v. Yellow Cab Co., 340 U.S. 543, 547, 554-55, 71 S.Ct. 399, 402, 406-07, 95 L.Ed. 523 (1951)). However, exceptions are not to be construed out of existence. The United States retains its sovereign immunity under section 2680(c) from claims arising in respect to tax assessment or collection even when, as here, the claims encompass torts and constitutional violations. Capozzoli v. Tracey, 663 F.2d 654, 658 (5th Cir.1981). Thus, this case fits within the exception.
 
 
 9
 We have held that a tort claim subject to continuing immunity under an exception to the FTCA waiver is not within the subject matter jurisdiction of the district court. Murray v. United States, 686 F.2d 1320, 1323-24 (8th Cir.1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983). As a result, we find that the district court was correct in sustaining the Rule 12(b)(2) motion of the government.
 
 II.
 
 10
 The 42 U.S.C. Sec. 1983 action must also be dismissed. Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law. 42 U.S.C. Sec. 1983. We have held, as noted by the district court, that the statute is inapplicable when a person acts under color of federal law. Haley v. Walker, 751 F.2d 284, 285 (8th Cir.1984). Therefore, The Joneses have not stated a claim for which relief can be granted against these federal actors. Accordingly, the district court correctly granted the government's 12(b)(1) motion.
 
 
 11
 However, we also agree with the district court that the Joneses may be able to make out a case against the individual appellees under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). While there are numerous legal and evidentiary hurdles that the Joneses must jump before gaining a remedy against the IRS employees, under the facts as we now understand them, we do not discount the possibility that such a claim can be stated. We note that the dismissal by the district court was without prejudice to the filing of a Bivens action. We agree with this ruling.
 
 
 12
 We have examined the other issues raised by the Joneses in this appeal. We find them to be without merit or we find it unnecessary to reach them given our other rulings.
 
 
 13
 Accordingly, the Rule 12 motions were properly sustained. The district court is affirmed.
 
 
 
 *
 The HONORABLE HARRY W. WELLFORD, Senior Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 Stephen L. Tinsley, Sandy Job-Rivera, Christie Stubbert, Charles Vonderschmitt, John Doe and the Roes are employees of the Internal Revenue Service (IRS) and, along with the United States, IRS, Department of the Treasury and Department of Justice (collectively, the government, IRS or United States) are the appellees
 
 
 [3]
 Appellants Terry L. Jones and Patricia L. Jones are stockholders, partners, owners or officers in Jones Publishing, Inc., Jones Oil Company, Inc., Jones Petroleum Company, a partnership, and J.O. Holding, Inc. (collectively the Joneses)