92 F.3d 1187
 78 A.F.T.R.2d 96-5792
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. SHROCK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-3927.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1996.*
Decided July 22, 1996.
 
 Before CUDAHY, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 James Shrock filed this suit seeking damages from the United States for all federal taxes collected from him since 1990 and an injunction prohibiting the further collection of federal taxes. The district court dismissed the suit for lack of subject matter jurisdiction and imposed sanctions against him pursuant to Rule 11 of the Federal Rules of Civil Procedure. This appeal followed.
 
 
 2
 A federal court may entertain a suit only where a statute specifically confers jurisdiction upon the court. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Abercrombie v. Office of Comptroller of Currency, 833 F.2d 672, 674 (7th Cir.1987). Shrock maintains that as a citizen of Indiana he is not a citizen of the United States, that the United States is therefore a "foreign state," and that accordingly, § 1330 of the Judicial Code confers jurisdiction on the district court to hear his claim. See 28 U.S.C. § 1330(a). Shrock further claims that the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602-1611, waives the United States's sovereign immunity with respect to his claims.
 
 
 3
 These arguments are patently frivolous. We have repeatedly rejected the claim that citizens of the states of the United States are not also citizens of the United States. See, for example, Harrell v. United States, 13 F.3d 232, 235 (7th Cir.1993); United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir.1993); United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir.1991), cert. denied, 502 U.S. 1060 (1992); United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir.1990). There is thus no merit to Shrock's contention that the United States is a "foreign state" as that term is used in either § 1330 or the FSIA.
 
 
 4
 Accordingly, the district court properly dismissed Shrock's claim for lack of subject matter jurisdiction. To the extent that Shrock sought an injunction, the Anti-Injunction Act, 26 U.S.C. § 7421(a), affirmatively "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes," Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5 (1962), except under exceptional circumstances not applicable here.[1]
 
 
 5
 To the extent that Shrock sought damages against the government based on its collection of taxes from him, the United States has not waived its sovereign immunity, see 28 U.S.C.A. § 2680(c), and thus, the district court properly dismissed for lack of jurisdiction. Jones v. United States, 16 F.3d 979, 981 (8th Cir.1994); see also Amwest Sur. Ins. Co. v. United States, 28 F.3d 690, 694 (7th Cir.1994).
 
 
 6
 Finally, to the extent that Shrock sought a refund under for taxes paid or withheld, 26 U.S.C. § 7422, the district court lacked jurisdiction to hear his claim because there is no indication in the record that Shrock has exhausted the administrative remedies required by § 7422. Goulding v. United States, 929 F.2d 329, 331 (7th Cir.1991), cert. denied, 506 U.S. 865 (1992).
 
 
 7
 Thus, there was no statutory basis under which the district court could hear Shrock's suit, and the district court properly dismissed his suit for lack of subject matter jurisdiction.
 
 
 8
 Turning now to the Rule 11 sanctions the district court imposed on Shrock, the court imposed $5,000 in sanctions: $2,500 to be paid to the government as attorneys' fees incurred in defending against the suit, and $2,500 to be paid to the clerk of the district court for having wasted the court's resources. The setting of sanctions is within the discretion of the district court, and "Rule 11 permits an award of those expenses directly caused by a baseless filing, including attorneys' fees in defending against the filing." Lorentzen v. Anderson Pest Control, 64 F.3d 327, 330 (7th Cir.1995). Shrock does not challenge the district court's imposition of sanctions against him, and accordingly, any challenge to those sanctions is waived. Fed.R.App.P. 28(a)(4); Doherty v. City of Chicago, 75 F.3d 318, 324 (7th Cir.1996); United States v. Bell, 936 F.2d 337, 343 (7th Cir.1991).
 
 
 9
 Finally, pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Circuit Rule 38, the United States has moved for sanctions against Shrock for filing a frivolous appeal. Accordingly, Shrock is given fourteen days from the issuance of this order to show cause as to why he should not be sanctioned. The United States shall have seven days from the filing of Shrock's response in which it may reply, if it so chooses. We caution Mr. Shrock that his response is an opportunity only to argue why this court should not impose sanctions against him, and is not an opportunity to re-argue the merits of his case.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Those circumstances are, first, that "under the most liberal view of the law and facts, the government could not ultimately prevail [in collecting the challenged taxes]," and second, that the "plaintiff will sustain irreparable injury for which there is no adequate remedy at law." Rappaport v. United States, 583 F.2d 298, 302 (7th Cir.1978) (citations omitted)
 Shrock has not made either showing in this case: he merely asserted summarily in his complaint that he was "likely to prevail on the merits of the underlying action" and that he would "suffer irreparable harm if the motion [was] not granted."
 As discussed above, Shrock's claims rest on the universally rejected argument that as a "sovereign Citizen" he is not subject to federal taxation, and thus it is virtually certain that the government will prevail. Moreover, Shrock has provided nothing to substantiate his assertion that he will suffer irreparable harm if the injunction is not granted.