United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3176

_____

| | | |
|---|---|---|
| Amit Kapoor, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kathy Walker; Gretchen Schuster; Rick | * | Southern District of Iowa. |
| Noyes, | * | |
| | * | [UNPUBLISHED] |
| Appellees. | * | |

_____

Submitted: November 27, 1997
Filed: December 8, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Amit Kapoor sued three passport officials for damages, claiming they conspired to delay issuing him a passport and thus deprived him of his right to travel because of bias against his national origin. The district court[1] denied defendants' motion to dismiss, but later granted their motion for summary judgment. Kapoor appeals.

_____

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

We construe Kapoor's constitutional claims related to travel and equal protection as Bivens-type claims. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994) (42 U.S.C. § 1983 does not apply to persons acting under color of federal law). Reviewing de novo, see Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam), we conclude that summary judgment was proper on these claims. First, while the freedom to travel internationally is protected by the Fifth Amendment's Due Process Clause, restrictions on this freedom are granted greater deference than restrictions on the right to travel within the United States. See Califano v. Aznavorian, 439 U.S. 170, 176-78 (1978) (applying rational-basis scrutiny). Here, defendants attested they questioned the authenticity of Kapoor's documentation, but they issued a temporary passport pending further investigation. We believe that any limitation on Kapoor's freedom to travel before issuance of the temporary passport was rationally related to defendants' legitimate concerns. See 22 U.S.C. § 213 (person seeking passport must submit written application containing true recital of each fact required by law). Second, notwithstanding the attestation of Kapoor's father that defendants made statements regarding the tendency of foreigners to falsify documents to obtain passports, we believe Kapoor failed to create a triable issue on his equal protection claim. See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994) (equal protection claim depends upon different treatment of similarly situated individuals), cert. denied, 513 U.S. 1185 (1995).

We also conclude that summary judgment was proper on Kapoor's statutory claims. Federal officials acting under color of federal law are subject to liability under 42 U.S.C. §§ 1981 and 1985. See Premachandra v. Mitts, 753 F.2d 635, 641 n.7 (8th Cir. 1985). We believe, however, that Kapoor failed to demonstrate a genuine issue of material fact as to whether defendants participated in a conspiracy or deprived him of his equal rights under the law. See Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087-88 (2nd Cir. 1993) (elements of claims under §§ 1981 and 1985), cert. denied, 116 S. Ct. 88 (1995).

Kapoor's res judicata argument is meritless because the district court's previous denial of defendants' motion to dismiss was not a final judgment. Cf. Uhl v. Swanstrom, 79 F.3d 751, 753-54 (8th Cir. 1996) (denial of motion to dismiss was not final judgment for collateral estoppel application). Finally, Kapoor had no right to cross-examine defendants during the hearing on the summary judgment motion. Cf. L.S.T., Inc. v. Crow, 49 F.3d 679, 684 n.9 (11th Cir. 1995) ("Nothing in Rule 56 requires a district court to conduct a hearing on a motion for summary judgment.").

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.