# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1684

_____

| | | |
|---|---|---|
| Richard Powell, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Randy Johnson, Individually and as | * | |
| Sheriff of Pulaski County; Carol | * | |
| Kimble, Individually and as Captain | * | Appeal from the United States |
| in the Pulaski County Sheriff's | * | District Court for the Eastern |
| Department; Sherry Rainey, | * | District of Arkansas. |
| Individually and as Lieutenant in the | * | |
| Pulaski County Sheriff's Department; | * | |
| Charles Polk, Individually and as an | * | |
| employee of Pulaski County Sheriff's | * | |
| Department; Pulaski County Sheriff | * | |
| Department, | * | |
| | * | |
| Defendants - Appellants. | * | |

_____

Submitted: December 13, 2004
Filed: May 2, 2005

_____

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

## I. Procedural History

Richard Powell ("Powell") brought this action against his employer, the Pulaski County Sheriff's Department (the "Sheriff's Department"). Powell asserts that he was demoted in retaliation for filing previous lawsuits against Appellants Randy Johnson and Charles Polk.

Appellants moved for summary judgment on the merits and, in their individual capacities, on the basis of qualified immunity. Initially, the trial court granted the Appellants' motion for summary judgment on the merits and dismissed the case. Powell filed a motion to alter or amend the judgment. After a hearing, the trial court found triable issues of material fact that precluded summary judgment. The trial court also denied the Appellants qualified immunity.

On appeal, the Appellants argue they are entitled to qualified immunity because the decision to demote Powell was reasonable in light of clearly established law. Appellants also seek summary judgment on the merits.

## II. Factual Background

Powell has filed two prior lawsuits against his employer. In 1988, he brought a § 1983 action against Johnson's predecessor, Carroll Gravett. First, Powell claimed that the Sheriff Department's promotion policy failed to award promotions based on merit and therefore deprived him of a property interest without due process of law. Second, Powell claimed that his employer denied him promotion because he criticized Gravett's promotion policies, in violation of the First Amendment. Powell had spoken out against the promotion policy, alleging it would adversely affect department operations and cause qualified officers to leave the department, which would decrease efficiency and increase training costs. The district court granted the defendants summary judgment on the due process claim but denied summary judgment on the First Amendment claim. This court affirmed, finding that Powell's

speech was on a matter of public concern. The parties eventually reached a settlement agreement that required Gravett to publish a written promotion policy.

In 2000, Powell sued Johnson, Polk, and other members of the Sheriff's Department after being passed over for a promotion to lieutenant. In that suit, Powell claimed he had been denied promotion because he was not a political ally of Johnson or because Powell was interested in running for sheriff and therefore seen as a political threat by Johnson. In February 2001, Powell voluntarily dismissed his case.

On June 21, 2001, Captain Carol Kimble and Lieutenant Sherry Rainey visited a precinct office to which Rainey was to be assigned. During their visit, Kimble discovered an envelope on the shift sergeant's desk that contained three copies (of the five copies in existence) of a traffic citation issued in May 2000. The envelope was addressed to "Sean O'Nale," a fellow Sheriff's Department employee, and the handwriting on the envelope appeared to be Powell's. Kimble reported her discovery to the Chief Deputy, Charles Polk, who ordered an investigation into the incident.

During the investigation, Powell admitted that O'Nale had called him and asked him to collect the citation and send it to O'Nale. O'Nale did not specify how many copies to collect nor the purpose of the request. Powell stated that he put the tickets in an envelope, addressed it to O'Nale, and placed it in the outgoing box. Powell admitted this was the first time he had received a request to collect and send a traffic citation. The ticket was never adjudicated because, by the time these events came to light, the time limit for adjudication had passed.

Based on the investigation and an August 1, 2001 administrative hearing, Polk determined that Powell should be demoted from the rank of sergeant to the rank of deputy because he circumvented the judicial system. Powell was demoted and is currently employed at the Sheriff's Department at the rank of deputy.

### III. Discussion

**A.     Appellate Jurisdiction and Standard of Review**

While a denial of summary judgment is not generally reviewable on immediate appeal, we may review a denial of summary judgment based on qualified immunity on immediate appeal, "to the extent that it turns on an issue of law." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). "Beyond this narrow issue, we may exercise jurisdiction only over issues that are 'inextricably intertwined,' meaning issues that would necessarily be resolved when we resolve the question of qualified immunity." Schilcher v. Univ. of Arkansas, 387 F.3d 959, 962 (8th Cir. 2004). We review a denial of summary judgment based on qualified immunity de novo. See Hudson v. Norris, 227 F.3d 1047, 1050 (8th Cir. 2000).

**B.     Qualified Immunity Analysis**

When reviewing a denial of qualified immunity, we go through a two-step inquiry. "This inquiry must be undertaken in the 'proper sequence.'" Littrell v. Franklin, 388 F.3d 578, 582 (8th Cir. 2004) (quoting Saucier v. Katz, 533 U.S. 194, 200 (2001)). First, we determine whether the facts as asserted by the plaintiff "show the officer's conduct violated a constitutional right." Saucier, 533 U.S. at 201. If the answer is no, qualified immunity is proper and summary judgment should be granted. If the answer is yes, we next decide "whether the right was clearly established." Id. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

As stated above, our review at this stage concerns only issues of law. We may decide only "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions." Mitchell, 472 U.S. at 528; see also Behrens v. Pelletier, 516 U.S. 299, 306 (1996); Johnson v. Jones, 515 U.S. 304, 311 (1995); Nebraska Beef, Ltd. v. Greening, 398 F.3d 1080, 1082-83 (8th Cir. 2005).

**1. Johnson and Polk**

Powell alleges that Johnson and Polk demoted him for participating in a protected activity. Should this allegation prove to be true, the defendants' conduct violated Powell's constitutional rights. Saucier, 533 U.S. at 201. On his retaliation claim, Powell asserts (1) that he took part in a protected activity, (2) that his employer demoted him, and (3) that there is a causal connection between the protected activity and the demotion. See Okruhlik v. Univ. of Arkansas, 395 F.3d 872, 878 (8th Cir. 2005) (required elements to show retaliation).

Powell's criticism of the Sheriff Department's policies was a protected activity. Powell complained that the promotion policies were not merit-based and that they would compromise the efficiency and quality of the operation of the Sheriff's Department. Powell also complained of political favoritism. He alleged that the Sheriff failed to promote him because he was not a political ally. Both of these complaints relate to protected speech and neither were frivolous lawsuits. Shands v. City of Kennett, 993 F.2d 1337, 1342 (8th Cir. 1993) (holding the First Amendment protects an employee's speech if (1) it is on a matter of public concern and (2) it satisfies a balancing test of the interests of the employee as a citizen and the employer); Jones v. Fitzgerald, 285 F.3d 705, 712-13 (8th Cir. 2002) (finding the First Amendment prohibits government officials from failing to promote employees because of political support or association unless a particular party affiliation is a proper requirement for the position). Since Powell has also alleged that he was demoted and that there was a causal connection between the speech and the demotion, the facts as alleged "show the officer[s'] conduct violated a constitutional right." Saucier, 533 U.S. at 201. It is undisputed that Powell's right against this type of retaliation is firmly established. Thus, qualified immunity does not apply.

Rather than argue that Powell's speech was not a protected activity or that his right against retaliation is not firmly established, Appellants state that they legitimately demoted Powell because of his involvement in fixing a ticket. This type

of argument exceeds our limited scope of review. This type of dispute was foreclosed from immediate appeal in Johnson, 515 U.S. at 313. The Court in Johnson found that the issue of "which facts a party may, or may not, be able to prove at trial . . . is not [immediately] appealable." Id. Further, the Court found that controversies over intent are nebulous and take inordinate amounts of time to resolve. Id. at 316. Disputes over intent are precisely the kind of fact-based questions that Johnson sought to avoid by limiting qualified immunity appellate review to issues of law. See Id.

### 2. Carol Kimble

As pertains to Kimble, Powell failed to allege sufficient facts to survive summary judgment. In his deposition, Powell admitted that Kimble played no part in his demotion because her involvement was limited to finding the envelope containing the traffic citation. When asked how Kimble violated his rights, Powell stated that Kimble visited his home at 8:00 a.m. one morning while Powell was on sick leave, about a week after his demotion, and asked for certain documents. The facts Powell alleges do not support a finding that Kimble violated a clearly established law by visiting Powell's home on that particular morning. To the extent that the district court included Kimble in its order denying qualified immunity, the district court erred.

### 3. Sherry Rainey

Powell also failed to allege sufficient facts against Rainey to survive summary judgment. In his deposition, Powell admitted that Rainey played no part in his demotion. She was present when Kimble discovered the envelope containing the traffic citation, but no allegation of wrongdoing on Rainey's part is included in Powell's contentions. In fact, when asked how Rainey violated his rights, Powell answered, "She didn't do anything." Obviously, the facts Powell alleges pertaining to Rainey do not support a finding that Rainey violated a clearly established law. Rainey is therefore entitled to qualified immunity, because doing nothing wrong is

not a violation of clearly established law. To the extent that the district court included Rainey in its order denying qualified immunity, the district court erred.

## IV. Conclusion

We affirm the district court's judgment that Appellants Johnson and Polk are not entitled to summary judgment based on qualified immunity. We reverse the district court's judgment as it pertains to Appellants Kimble and Rainey and find that Kimble and Rainey are entitled to qualified immunity and summary judgment.

_____