# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4223

_____

Richard D. Percefull,                         *
                                              *
            Appellee,                         *
                                              *
      v.                                      *   Appeal from the United States
                                              *   District Court for the
Chris Claybaker, Mayor of Camden,             *   Western District of Arkansas.
AR; Board of Alderman of Camden,              *
Arkansas, Marvin Moore, James                 *   [UNPUBLISIHED]
Adcock, Tony Anthony, James                   *
Dishroom, Preston Woods, Irene                *
Galbert, Charles Launius, Zin McRae;          *
City of Camden Public Works                   *
Department; Sam Steelman,                     *
                                              *
            Appellants.                       *

_____

Submitted: November 3, 2006
Filed: November 9, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Chris Claybaker, Mayor of Camden, Arkansas, appeals from the district court's[1] interlocutory summary judgment order denying him qualified and legislative immunity in Richard D. Percefull's 42 U.S.C. § 1983 suit alleging violations of the Fourth and Fourteenth Amendments based on Claybaker's role in the seizure of Percefull's bass boat. Reviewing de novo, see Walker v. City of Pine Bluff, 414 F.3d 989, 991 (8th Cir. 2005), we affirm.

Under our limited jurisdiction in this interlocutory appeal, we consider whether Claybaker's role in the seizure of Percefull's bass boat violated Percefull's clearly established constitutional rights. "'Beyond this narrow issue, we may exercise jurisdiction only over issues that are "inextricably intertwined," meaning the issues would necessarily be resolved when we resolve the question of qualified immunity.'" Powell v. Johnson, 405 F.3d 652, 654 (8th Cir. 2005) (quoting Schilcher v. Univ. of Ark., 387 F.3d 959, 962 (8th Cir. 2004)). Thus, we will not consider at this time Claybaker's arguments that Percefull's suit is barred by res judicata, and that Percefull failed to avail himself of adequate post-deprivation remedies.

Claybaker also questions the sufficiency of Percefull's evidence on causation and damages. We have consistently held that sufficiency of the evidence is outside the scope of our jurisdiction when reviewing an interlocutory appeal from a denial of qualified immunity. See Nebraska Beef, Ltd. v. Greening, 398 F.3d 1080, 1082-83 (8th Cir. 2005); Kincade v. City of Blue Springs, Mo., 64 F.3d 389, 395 (8th Cir. 1995).

To the extent Claybaker has properly raised and argued issues relevant to qualified immunity, we find no error in the district court's denial of summary judgment. See Zinermon v. Burch, 494 U.S. 113, 132 (1990) (procedural due process

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

requires state to provide predeprivation remedy where feasible before taking property); <u>Dixon v. Lowery</u>, 302 F.3d 857, 862 (8th Cir. 2002) (Fourth Amendment protects against seizures undertaken without legal authority). Claybaker himself admitted that there was no legal or judicial authorization for seizing Percefull's boat, which undermines his argument that no reasonable person in his position would have known that he was violating Percefull's rights. Nor did Claybaker provide any type of predeprivation hearing, although the evidence is disputed on whether the necessity of quick action rendered such a hearing impractical. Although Claybaker argues that Percefull had no protected property interest in his unregistered boat, he does not assert that the failure to register the boat authorized its seizure. <u>Accord</u> <u>Dixon</u>, 302 F.3d at 862-64 (disputed possessory interest may still be constitutionally protected).

Finally, Claybaker submits that his actions are insulated by legislative immunity. Legislative immunity is typically reserved for those officials acting in some sort of legislative capacity, and it has no application where an executive official orders the performance of executive tasks. <u>Cf.</u> <u>Bogan v. Scott-Harris</u>, 523 U.S. 44, 54-56 (1998) (granting executive official legislative immunity for enactment of ordinance which "bore all the hallmarks of" traditional legislative action).

The order of the district court is affirmed.

_____