# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3321

_____

Robert L. Lytle,

*Plaintiff - Appellant,*

v.

Gerald Berg, in his individual capacity only; Timothy Philips, in his individual
capacity only,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: March 6, 2013
Filed: April 1, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Robert Lytle appeals the district court's[1] dismissal of his complaint against two
Food and Drug Administration (FDA) employees in their individual capacities,

_____

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for
the District of South Dakota.

claiming they had wrongfully sent him an FDA warning letter. His complaint sought damages under 42 U.S.C. § 1983 and additionally asserted, inter alia, a claim of tortious interference. He did not, however, indicate that he had exhausted or pursued any administrative remedies.

Upon careful review, see Retro Television Network, Inc. v. Luken Commc'ns, LLC., 696 F.3d 766, 768 (8th Cir. 2012) (de novo review of Fed. R. Civ. P. 12(b)(6) dismissal), we conclude that the dismissal was proper. In particular, we agree with the district court that Lytle had no cognizable claim under section 1983, see Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994) (§ 1983 is inapplicable when person acts under color of federal law), and that any claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), would fail as a matter of law. See Nebraska Beef, Ltd. v. Greening, 398 F.3d 1080, 1084 (8th Cir. 2005) (when Congress creates comprehensive regulatory regime, existence of right to judicial review under Administrative Procedures Act is sufficient to preclude Bivens action). Likewise, we agree that his tort claim failed for non-exhaustion of available administrative remedies. See 28 U.S.C. § 2675(a) (action shall not be instituted upon claim for money damages for any act or omission taken by government employee acting within scope of employment, unless claimant has first presented claim to appropriate federal agency and claim was denied); McNeil v. United States, 508 U.S. 106, 113 (1993) (Federal Tort Claims Act bars claimants from bringing suit in federal court until they have exhausted administrative remedies).[2]

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[2]We also conclude that the court properly denied Lytle's motion to strike the entry of appearance by an Assistant United States Attorney. See 28 C.F.R. § 50.15 (federal employee sued in individual capacity for action within scope of employment may be provided representation by United States Department of Justice attorney).