**Victor H. GOULDING,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

**No. 90–1013.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 19, 1991.[*]

Decided April 8, 1991.

Rehearing Denied June 5, 1991.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs.

Randall S. Goulding, Chicago, Ill., for plaintiff-appellant.

Frederick H. Branding, Asst. U.S. Atty., Office of the U.S. Atty., Chicago, Ill., Gary R. Allen, Gerald C. Miller, Robert S. Pomerance, Teresa T. Milton, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for U.S.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

On June 28, 1986, the Internal Revenue Service (IRS) sent a notice of income tax deficiency by certified mail to the home address of plaintiff Victor H. Goulding. Because Goulding was purportedly on vacation when the notice was sent, he did not receive the notice which was returned to the IRS. In January, 1987, the IRS assessed the deficiency with interest and penalties in the amount of $45,919.72. Goulding paid this amount in June, 1987. Shortly thereafter, Goulding filed a claim for the refund of this amount which stated that he had not received the notice of deficiency and that the amount "was neither due, nor properly assessed, and therefore illegally collected." On November 11, 1987, the IRS denied the request for refund stating "per audit determination" as the reason for disallowance.

On January 13, 1988, Goulding brought suit in the district court seeking to recover the taxes. He claimed that he was not given notice of the deficiency and that the taxes were not due. On September 19, 1989, the United States filed a motion for summary judgment contending that Goulding's claim for refund was insufficient; therefore, the district court only had jurisdiction to consider whether the IRS properly notified Goulding of his tax deficiency and could not reach the merits of claims challenging the deficiency assessment.[1] The district court agreed and granted summary judgment to the United States. 726

---

1. This defense was for the first time raised in the motion for summary judgment, well over a year and a half after the lawsuit was initiated and two years after the claim for refund was filed. This defense was not found in the letter denying Goulding's claim, in the defendant's answer nor in any of the earlier motions filed with the court. The United States had previously raised a collateral estoppel defense which it declined to pursue after filing the motion for summary judgment.

F.Supp. 707. Goulding brought this timely appeal.

"In examining the district court's grant of summary judgment, our duty is to review *de novo* the record and the controlling law." *Becker v. Tenenbaum–Hill Associates, Inc.*, 914 F.2d 107, 110 (7th Cir.1990) (quoting *PPG Indus. v. Russell*, 887 F.2d 820, 823 (7th Cir.1989)). The party moving for summary judgment "bears the burden of establishing that there is no issue of material fact and that he is entitled to judgment as a matter of law.... Any doubt as to the existence of a genuine issue for trial is resolved against the moving party." *Id.* (citations omitted).

## I. NOTICE OF DEFICIENCY

■ 26 U.S.C. § 6212 requires a notice of income tax deficiency to be sent to a taxpayer's last known address. It is undisputed that the IRS sent the notice by certified mail to Goulding's home address. Goulding argues that the notice is deficient because the IRS was aware that he had a work address and also had knowledge of his age and the fact that he often took extended vacations; therefore, the IRS should have sent the notice to his office. Goulding further argues that the IRS should have made a second attempt to mail the notice, sending it by regular mail. Goulding's arguments are meritless.

"The term 'last known address' has been defined as the address where the Commissioner reasonably believes the taxpayer wished to be reached at the time the notice of deficiency was sent." *Eschweiler v. United States*, 877 F.2d 634, 636 (7th Cir. 1989). This court has also noted that the Commissioner may use the address found on the return being audited, unless there is "clear and concise notification from the taxpayer directing the Commissioner to use a different address." *McPartlin v. Commissioner*, 653 F.2d 1185, 1189 (7th Cir.

1981) (quoting *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), *aff'd*, 538 F.2d 334 (9th Cir.1976)).

The address used by the IRS was (and still is) Goulding's home address. This was the address that was on the tax return that was audited. If Goulding wanted any IRS correspondence sent to his office, it was his responsibility to notify the IRS of this desire. He did not. The notice of deficiency was properly sent to Goulding.

## II. SUFFICIENCY OF CLAIM FOR REFUND

### A. Background

■ Goulding's second argument merits more attention. The district court held that it lacked jurisdiction to consider any issues, other than the sufficiency of the notice of deficiency, because no other grounds were specifically alleged in the claim for refund. An administrative claim for refund must be filed before a claimant may bring suit in a district court. 26 U.S.C. § 7422(a).[2] "A timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit." *Martin v. United States*, 833 F.2d 655, 658–59 (7th Cir.1987). The taxpayer is required to file the administrative claim for refund within either two years from the date the tax is paid or three years from the date the tax return is filed, whichever is later. 26 U.S.C. § 6511(a). Treasury Regulation § 301.6402–2(b)(1) provides:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not

**2.** 26 U.S.C. § 7422(a) provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have

been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

be considered for any purpose as a claim for refund or credit.

The district judge held that the only ground Goulding presented in the claim for refund was that the IRS failed to notify him of the deficiency. The court ruled that Goulding's claim for refund did not sufficiently or specifically identify any other ground as an entitlement for refund. The court also concluded that the IRS did not waive its defense challenging the sufficiency of the claim. Because the district court agreed that the notice was insufficient, the court held that it lacked jurisdiction to reach the merits of the other claims.

Goulding argues that the government waived the defense that the claim for refund was insufficient because it was raised too late. The defense was not raised by the IRS when it initially denied his request for refund nor in the government's answer to the complaint. Goulding also contends that even though the claim was general, the IRS was aware of the basis of his claim and acted on the merits. Therefore, the claim sufficiently notified the IRS of the grounds which Goulding alleged entitled him to a refund.[3]

In its appellate brief, the government candidly states that its argument to the district court (and the district court's decision) concerning the waiver issue is not supportable. It points out that it was well aware of Goulding's claims. The government also emphasizes that it did not challenge the sufficiency of Goulding's claim for refund until the statute of limitations had tolled, effectively foreclosing Goulding's opportunity to amend or refile his claim. Thus, the government agrees that it waived the insufficiency defense and requests this court to remand the case for a determination on the merits. However, "[j]urisdiction cannot be created merely by consent of the parties." *United Steelworkers v. Libby, McNeill & Libby*, 895 F.2d 421, 423 n. 2 (7th Cir.1990) (citing

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986)). Therefore, because the sufficiency of the claim for refund has jurisdictional implications, the fact that the government now abandons its argument that the claim was insufficient is not dispositive.

### B. Analysis

In order for the district court to have jurisdiction over this claim, Goulding was required to file a claim for refund pursuant to 26 U.S.C. § 7422(a). The language of § 7422(a) requires compliance with the applicable Treasury regulations. Treasury Regulation § 301.6402–2(b)(1) provides that any purported "claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit." It would appear that if a claim is not sufficiently detailed according to this Treasury Regulation, the district court would lack jurisdiction.

The United States Supreme Court, however, has explained that while the Treasury may not waive the congressionally mandated requirement that a formal claim be filed, the Treasury can waive its own formal requirements. *See Angelus Milling Co. v. Commissioner of Internal Revenue*, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945). The specificity requirements of Treasury Regulation § 301.6402–2(b)(1) may be waived by the Commissioner of the IRS, if the IRS has sufficient knowledge of the claim and makes a determination on the merits. *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619 (1933); *Angelus Milling Co.*, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945); *Vishnevsky v. United States*, 581 F.2d 1249, 1252 (7th Cir.1978). Therefore, the filing of a general or vague claim may be sufficient to confer district court jurisdiction if the IRS had knowledge of

---

**3.** Goulding also argues that his claim was as specific as possible under the circumstances because he never received the notice of deficiency. Goulding stated in his claim for refund that because he did not receive the notice of deficiency, he did not know what figures had been

adjusted. Therefore, because Goulding lacked specific knowledge, due process requires the specificity requirements to be relaxed. If not, Goulding argues that he could not meet the specificity requirement and would be denied all opportunity for judicial review.

the claim, thereby making the initial rejection of the claim for refund a determination on the merits.

■ The district court held that the IRS' initial decision denying Goulding's claim "per audit determination" could not be interpreted as a determination on the merits and a waiver of the specificity requirement. We cannot agree. Although the words "per audit determination" are ambiguous, the record demonstrates that the IRS had extensive knowledge of the claim.

The record reflects that the underlying dispute in this case involves the tax returns of several partnerships. It is clear that Goulding's claim for refund did not mention the basis of the dispute or provide any details explaining to the IRS why he believed a refund was in order. Goulding filed his claim for refund on July 7, 1987. In that claim, he stated that he was seeking a refund of $45,919.72 that he paid for an assessed tax deficiency arising in 1982. Goulding also noted that he could not be more specific because he was not aware of the exact items that were adjusted. On November 19, 1987, the IRS denied his claim "per audit determination." The record demonstrates that by November 19, 1987, the IRS had already conducted an in-depth investigation concerning these partnerships. In September of 1987, the IRS had litigated, in a seven day trial, some of the same issues in a suit brought by the appellant's son. An opinion in that case was filed by the Tax Court on May 12, 1988. In addition, the IRS was able to respond substantively to Goulding's claims through all stages of this proceeding. This evidence demonstrates that the IRS was well aware of the merits of Goulding's claims when it denied the administrative claim for refund "per audit determination."

The record also reflects that the IRS did not question the sufficiency of the claim until September, 1989, two years after the original claim was filed and after other defenses had been raised. The IRS did not raise the waiver issue when denying the administrative claim, nor in their answer to the complaint. The United States Supreme Court has held:

If the Commissioner chooses not to stand on his own formal or detailed requirements, it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action upon it. Even tax administration does not as a matter of principle preclude considerations of fairness.

*Angelus Milling Co.*, 325 U.S. at 287, 65 S.Ct. at 1164–65. The fact that the government waited for several years to raise this defense points to waiver. If the Commissioner wished to have the claim dismissed based on its insufficiency, he was required to challenge the sufficiency at a much earlier stage in these proceedings. Indeed, the government has abandoned its position on appeal and agrees that it waived this defense. The record fully supports the conclusion that the IRS initially considered the claim on its merits. To find that the IRS did not waive this defense would be fundamentally unfair.

## III. CONCLUSION

The district court correctly determined that the notice of deficiency sent to Goulding was sufficient. It was Goulding's responsibility to provide the IRS with another address if he did not desire correspondence from the IRS to be sent to his correct home address. Goulding did not do so; therefore, he cannot now complain that he did not receive the notice of deficiency. The district court, however, incorrectly decided that it did not have jurisdiction to consider any of Goulding's other claims. Although the claim for refund was vague, the IRS was fully aware of the nature of the claim and waived its defense that the claim was insufficient. For these reasons, the decision of the district court is

AFFIRMED in part and REVERSED and REMANDED in part.