In the

# United States Court of Appeals

### For the Seventh Circuit

---

No. 06-2446

NICK KIKALOS and HELEN KIKALOS,

*Plaintiffs-Appellants,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:04 CV 514—**James T. Moody**, *Judge.*

---

ARGUED JANUARY 11, 2007—DECIDED MARCH 14, 2007

---

Before BAUER, FLAUM, and ROVNER, *Circuit Judges.*

FLAUM, *Circuit Judge.* The IRS audited the Kikaloses' 1998 tax return and determined that they under-reported their income for that year. The Kikaloses paid additional taxes and penalties and subsequently sought a refund. The IRS denied the refund because the Kikaloses failed to provide the necessary documentation to support their claim. The Kikaloses filed suit, which the district court dismissed for lack of subject matter jurisdiction. For the following reasons, we affirm the district court's ruling.

## I. BACKGROUND

On June 1, 1999, Nick and Helen Kikalos filed a timely joint federal income tax return for 1998 with the Internal Revenue Service ("IRS") Center in Cincinnati, Ohio. The Kikaloses paid $504,181 in federal income taxes for that year. On July 28, 1999, the IRS audited the Kikaloses' 1998 return. On July 13, 2001, the Kikaloses filed an amended 1998 federal income tax return and reported an additional $35,982 in income taxes and paid $43,609 to reduce or eliminate penalties in anticipation of the IRS's proposed adjustments.

On March 4, 2002, the IRS issued an examination report proposing over seventeen adjustments that would increase the Kikaloses' tax liability. On March 14, 2002, Nick Kikalos wrote a series of letters to the IRS that objected to each adjustment. On May 3, 2002, the IRS issued the Kikaloses a statutory notice of deficiency, finding that they had understated their taxes by $81,704. The IRS assessed the Kikaloses an additional $98,044.80 in taxes and penalties, which the Kikaloses paid on May 31, 2002.

On September 18, 2002, the Kikaloses filed an amended federal income tax return that reported a decrease in tax of $81,704 and sought a refund of $141,654.00, which included the $43,609 that the Kikaloses paid on July 13, 2001. The instructions on the tax return form stated, "Enter the line number from page 1 of the form for each item you are changing and give the reasons for each change . . . . If you do not attach the required information, your 1040X may be returned." The Kikaloses wrote, "Income was incorrectly assessed to the above named taxpayer." On December 18, 2002, the IRS rejected the refund claim by letter because the Kikaloses failed to explain or document the decrease in income. The letter stated that "if you want to sue to recover tax, penalties, or

other amounts, you may file a lawsuit with the United States District court having jurisdiction or with the United States Court of Federal Claims." The letter also instructed the Kikaloses that they could send in a new claim if they had the missing information. Although the Kikaloses had until May 31, 2004 to file another claim with the necessary information, they did not do so.

On December 13, 2004, the Kikaloses filed a complaint in federal district court in Indiana to recover $141,654 of income tax, penalties, and interest. On September 15, 2005, the government filed a motion to dismiss for lack of subject matter jurisdiction, alleging that the Kikaloses did not file a valid refund claim. The Kikaloses conceded that their refund claim was insufficient, but argued that the IRS waived its formal requirements or, alternatively, that their amended return should be considered an informal refund claim. On March 23, 2006, the district court dismissed the complaint for lack of jurisdiction holding that the Kikaloses failed to submit a valid refund claim. The Kikaloses appeal.

## II. ANALYSIS

The Kikaloses argue that the district court erred by holding that it lacked jurisdiction to consider the merits of their claim. This Court reviews de novo the grant of a motion to dismiss for lack of subject matter jurisdiction. *Maas v. United States*, 94 F.3d 291, 294 (7th Cir. 1996).

Section 7422 of the Internal Revenue Code requires that any taxpayer seeking a refund must first file a valid claim with the Secretary of the Treasury before filing suit in federal court. 26 U.S.C. § 7422(a). Treasury Regulation § 301.6402-2(b)(1) provides that the claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner

of the exact basis thereof." It also states that "[a] claim which does not comply with these requirements will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b)(1).

The Kikaloses' refund claim stated that "[i]ncome was incorrectly assessed to the above named taxpayer," but did not provide the grounds for their claim. Accordingly, the government contends, the district court did not have subject matter jurisdiction over the merits of their claim. *See Martin v. United States*, 833 F.2d 655, 658-59 (7th Cir. 1987) (holding that "[a] timely sufficient claim for refund is a jurisdictional prerequisite to a refund suit"). The Kikaloses assert that despite the deficiency in their administrative refund claim, the IRS waived its formal requirements, or alternatively, they are excused from the formal requirements pursuant to the informal refund claim doctrine.

### A. Waiver

The Supreme Court has held that while the Treasury may not waive the congressionally mandated requirement that a claim be filed, the Treasury can waive its own formal requirements. *See Angelus Milling Co. v. Comm'r of Internal Revenue*, 325 U.S. 293, 296 (1945). The Commissioner may waive the IRS's specificity requirements if 1) the IRS has sufficient knowledge of the claim, and 2) makes a determination on the merits or leads the taxpayer to believe that the IRS treated the claim as formally sufficient. *See United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 70 (1933); *Goulding v. United States*, 929 F.2d 329, 332-33 (7th Cir. 1991).

In *Goulding*, the IRS issued a deficiency against the taxpayer. After paying the alleged deficiency, the taxpayer filed a refund claim stating that the amount "was

neither due, nor properly assessed, and therefore illegally collected." 929 F.2d at 330. The claim did not provide any further details about the taxpayer's grounds for a refund. The IRS rejected the request "per audit determination." The taxpayer filed a complaint, which the district court dismissed for lack of jurisdiction. This Court held that the words "per audit determination" were ambiguous and that the record in the case demonstrated that the IRS had extensive knowledge of the claim because it had litigated the same issues in a suit brought by the taxpayers' son. *Id.* at 333. Accordingly, the Court held that the IRS had waived its defense that the claim was insufficient. *Id.*

The Kikaloses maintain that *Goulding* dictates a finding of waiver in this case. We disagree. Unlike in *Goulding*, where the IRS communication ambiguously stated that refund was rejected "per audit determination," in this case, the IRS explained that it rejected the Kikaloses' claim because "[n]o documentation was included to verify the amount on line 1 [of the 1998 Refund Claim]." This statement does not indicate that the IRS ruled on the merits of the Kikaloses' claim; to the contrary, the statement indicates that the IRS did not have sufficient information to consider the claim's merits. In order to find waiver, the plaintiffs must unmistakably show "that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim." *Angelus Milling*, 325 U.S. at 297. The Kikaloses have failed to make this showing.

The Kikaloses also argue that, as in *Goulding*, the IRS had extensive knowledge of their claim because of the 1999 audit. They point out that the IRS collected over 5,000 documents from them during the audit and that Nick Kikalos wrote a series of letters on March 14, 2002 objecting to the IRS's proposed adjustments. However, Nick Kikalos's March 14 letters only objected to the IRS's

proposed adjustments from March 4, 2002. The letters made no mention of the $43,609.00 that the Kikaloses paid on July 13, 2001, which comprised part of the insufficient refund claim. Thus, the IRS had no information regarding the refund request related to the $43,609.00.

Moreover, the IRS handled the 1999 audit out of its Merrillville, Indiana office, while the Kikaloses sent their refund claim to the Cincinnati, Ohio office. Additionally, the Kikaloses' insufficient refund claim made no reference to the audit or to Nick Kikalos's letters. The Supreme Court has cautioned that "it is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund . . ." *Angelus Milling Co.*, 325 U.S. at 299. Consequently, the Kikaloses have not demonstrated that the IRS had sufficient knowledge of their claim and proceeded on the merits.

### B.  Informal Claim Doctrine

The Kikaloses next argue that they are excused from the Treasury's formal requirements under the judicially-created informal claim doctrine. The informal claim doctrine allows an insufficient refund claim to be "treated as adequate where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period." *United States v. Kales*, 314 U.S. 186, 194 (1941); *see also George Moore Ice Cream Co. v. Rose*, 289 U.S. 373, 384 (1933); *Memphis Cotton*, 288 U.S. at 72; *United States v. Factors' & Fin. Co.*, 288 U.S. 89, 94 (1933). In other words, the doctrine excuses "harmless noncompliance with the formalities prescribed for refund claims by the treasury regulations." *BCS Fin. Corp v. United States*, 118 F.3d 522, 524 (7th Cir. 1997). This Court has provided the following example: "suppose that on the last day [before the statute of limitations runs], the

taxpayer files a claim for a refund complete except for the omission of his signature. Two days later the taxpayer discovers and repairs the omission. It would be absurd rigorism . . . to make the taxpayer's utterly harmless mistake a basis for forfeiting a claim conceded to be substantively valid." *Id.*

In this case, however, the Kikaloses' failure to provide any information regarding the grounds for the refund sought was more than harmless noncompliance. The insufficient refund claim contained no facts "sufficient to apprise the Commissioner" of the claim's merits. Moreover, the IRS sent the Kikaloses a letter informing them of their claim's deficiency. The letter specifically stated that the Kikaloses could re-file a new claim with the missing information. Although the Kikaloses had over a year to do so, they did not. Courts created the informal claim doctrine to provide equitable relief to taxpayers who made good faith attempts to amend harmless errors in their refund claims even though the statute of limitations would otherwise bar those amendments. Based on the facts before the Court, the informal claim doctrine cannot help the Kikaloses.

However, this does not end our inquiry because the Kikaloses point out that some courts have applied the doctrine to hold that several timely-but-insufficient submissions may comprise one adequate claim even in the absence of a later-filed amendment. *See Weisman v. Comm'r Internal Revenue Serv.*, 103 F. Supp. 2d 621, 628 (E.D.N.Y. 2000); *Davis v. United States*, 21 Cl. Ct. 84, 86 (Cl. Ct. 1990); *Am. Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 920 (Ct. Cl. 1963). They argue that their insufficient claim combined with Nick Kikalos's letters, and the documents gathered from the 1999 audit comply with the treasury regulations. The Supreme Court has not favored this argument. *See Angelus Milling Co.*, 325 U.S. at 299.

In *Angelus Milling*, Angelus Milling Company, a wheat processor, was closely connected with a second company, Niagra Falls Milling Company. The companies had the same officers, employees, and majority stockholder. They also had a joint bank account and a common set of books. The companies filed joint processing tax returns. Angelus Milling filed its own series of refund claims that did not satisfy the treasury regulations. While Angelus Milling's claims were pending, Niagra filed its own sufficient refund claim. The IRS then denied Angelus Milling's claim, and the company brought suit arguing that its refund claims, taken together with Niagra's claim, furnished all of the data required by the treasury regulations. The Supreme Court held that "the protection of the revenue authorizes the Commissioner to demand information in a particular form, and he is entitled to insist that the form be observed so as to advise him expeditiously and accurately of the true nature of the claim." *Id.*

Likewise, in this case, the Commissioner was entitled to require that the Kikaloses follow the treasury regulations and "focus attention on the merits of the dispute." *Martin*, 833 F.2d at 660-61. Consequently, the district court did not err by finding that the Kikaloses did not file an informal refund claim.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's ruling.

No. 06-2446                                                9

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*