In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-3991

NICK'S CIGARETTE CITY, INCORPORATED,

*Plaintiff-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee*.

———————

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 05 C 123—**Rudy Lozano,** *Judge*.

———————

ARGUED JANUARY 8, 2008—DECIDED JULY 2, 2008

———————

Before FLAUM, RIPPLE and MANION, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Nick's Cigarette City, Inc. ("Cigarette City") brought this action in the United States District Court for the Northern District of Indiana. It sought a refund of federal corporate income taxes that it had paid for the taxable years of 1997 and 1998. The district court concluded that it lacked jurisdiction and dismissed the complaint. For the reasons set forth in this opinion, we affirm the judgment of the district court.

**I**

**BACKGROUND**

Cigarette City is one of several small businesses owned by Nick Kikalos and his wife, Helen Kikalos. For many years, the Kikaloses have been involved in a "protracted struggle with the Internal Revenue Service," *Kikalos v. United States*, 408 F.3d 900, 900 (7th Cir. 2005). The IRS has audited their business and personal tax returns and has assessed substantial deficiencies and penalties. The present appeal involves the 1997 and 1998 corporate income tax returns for Cigarette City.

**A.**

For the 1997 taxable year, Cigarette City filed a federal corporation income tax return, Form 1120, with the IRS center in Cincinnati, Ohio. Based upon this return, it paid $3,234 in income taxes. On October 21, 1999, the IRS' Merrillville, Indiana office began an audit of this return. The auditors discovered numerous discrepancies, and, on February 17, 2001, the IRS issued an examination report proposing more than ten adjustments to Cigarette City's 1997 tax return.

On March 8, 2001, Cigarette City's counsel responded to the examination report on behalf of Cigarette City by providing some documentation and disputing the proposed adjustments. Nevertheless, on March 13, 2001, the IRS issued a notice of deficiency to Cigarette City in which it assessed an additional $23,326 in income taxes owed and $4,665.20 in penalties. Cigarette City ultimately paid $36,570.64 in additional income taxes, penalties and interest for the 1997 taxable year on account of this deficiency assessment.

On September 3, 2002, Cigarette City filed an amended federal corporation income tax return, Form 1120X, with the IRS center in Cincinnati, Ohio, in which it requested a refund of $36,571. Page 2 of the form required the taxpayer to specify its reason for the requested amendment.[1] Cigarette City stated only: "ATTACHED 'NOTICE OF DEFICIENCY' WAS ASSESSED DESPITE THE TAX-PAYERS [sic] VERIFICATION OF ALL ITEMS IN QUESTION. THE ORIGINAL FILING WAS CORRECT." R.1, Ex. B at 2. Cigarette City enclosed the IRS notice of deficiency, but it attached no other explanation or documentation to the refund claim.

On April 22, 2003, the IRS sent a notice to Cigarette City explaining that it had denied Cigarette City's claim for a refund. R.1, Ex. C. The letter stated, in pertinent part:

> A review of the case showed a statutory notice was issued per Internal Revenue Code Section 6212, and since you failed to petition the United States Tax Court or respond, the tax was assessed per Internal Revenue Code Section 6213.
>
> If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

*Id*. Cigarette City did not file an internal appeal.

---

[1] The directions on the form stated: "Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see What to Attach in the instructions." R.1, Ex. B at 2.

**B.**

Similar events occurred in connection with the filing of Cigarette City's corporate tax return for the 1998 tax year. Cigarette City timely filed Form 1120 and paid $5,437 in corporate income tax. The IRS began auditing this 1998 return on November 16, 1999. On May 21, 2001, Cigarette City filed an amended return in anticipation of the forthcoming audit report. With that amended 1998 return, it paid an additional $5,723.30 in income taxes and interest.

Upon completion of the audit, the IRS issued an examination report. Despite Cigarette City's increased payment with its amended return, the report proposed a number of additional adjustments. On February 26, 2002, Nick Kikalos sent a letter to the IRS in response. He stated his belief that the IRS examiner had been overly aggressive in her investigation and that he disagreed with her conclusions; however, his letter set forth no specific reasons for his disagreement. R.20, Ex. 5. The IRS issued a notice of deficiency on March 12, 2002. The notice assessed Cigarette City an additional $1,056 in income taxes and $1,161.20 in penalties, which Cigarette City timely paid.

On September 3, 2002, Cigarette City filed another amended federal corporation income tax return in which it requested a refund of the $7,940 it had paid in additional taxes, penalties and interest. On page two of the form, which requires the taxpayer to give its reasons for the claimed changes, it wrote only:

> (1) ATTACHED "NOTICE OF DEFICIENCY" WAS ASSESSED DESPITE THE TAXPAYERS [sic] VERIFICATION OF ALL ITEMS IN QUESTION.

(2) 1120 "X" DATED 5/11/01 WAS FILED IN ANTICI-
PATION OF "NOTICE OF DEFICIENCY." ORIGINAL
FILING OF 1120 WAS CORRECT.

LINE # 4 INCLUDES:

$1161.20 IRS ASSESSED PENALTY

$973.20 ASSESSED INTEREST

R.1, Ex. E at 2.

On April 22, 2003, the IRS informed Cigarette City that its 1998 refund claim had been denied. This disallowance letter was identical in all material respects to the earlier notice denying Cigarette City's 1997 refund claim. R.1, Ex. F. Like the 1997 letter, it stated: "A review of the case showed a statutory notice was issued per Internal Revenue Code Section 6212, and since you failed to petition the United States Tax Court or respond, the tax was assessed per Internal Revenue Code Section 6213." *Id*.

## C.

In April 2005, Cigarette City filed this action to recover the federal income tax, penalties and interest it claims were erroneously assessed for 1997 and 1998. The Government moved to dismiss the action for lack of subject matter jurisdiction because the taxpayer had not filed a procedurally proper administrative claim with the IRS, a jurisdictional prerequisite to filing a claim in the district court. Cigarette City responded that the IRS had waived its right to insist on compliance with its procedural requirements, particularly with the specificity requirements of Treasury Regulation 301.6402-2(b)(1), because it had addressed and denied its refund claim on the merits.

The district court dismissed the complaint for want of jurisdiction. It held that Cigarette City had not complied with the applicable treasury regulations because it had failed to set forth in detail the grounds upon which its refund claims were based. The court also determined that the IRS had not waived its right to insist on an adequately detailed claim because neither the record nor the disallowance letters indicated that it had examined Cigarette City's claim on the merits. Therefore, the court concluded that it lacked jurisdiction to hear the case under 26 U.S.C. § 7422(a). Cigarette City timely appealed.

## II

## DISCUSSION

We review de novo the district court's decision to dismiss a case based on a lack of subject matter jurisdiction. *Maas v. United States*, 94 F.3d 291, 294 (7th Cir. 1996).

## A.

Under section 7422 of the Internal Revenue Code, a taxpayer seeking a refund first must file a valid claim with the Secretary of the Treasury before it is entitled to bring an action in the district court. 26 U.S.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 128 S. Ct. 1511 (2008). This procedural requirement has long been considered a jurisdictional prerequisite. *See, e.g., Martin v. United States*, 833 F.2d 655, 658-59 (7th Cir. 1987) (holding that "[a] timely sufficient claim for refund is a jurisdictional prerequisite to a refund suit"). Treasury Regulation 301.6402-2(b)(1) also requires that any refund claim

filed must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." The regulation further provides that any "claim which does not comply with these requirements will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b)(1).

Cigarette City's 1997 and 1998 refund claims did not provide any information that would identify the grounds on which it disputed the IRS' assessment; instead, the taxpayer's filing merely attached the notice of deficiency issued by the IRS and stated that it "WAS ASSESSED DESPITE THE TAXPAYERS [sic] VERIFICATION OF ALL ITEMS IN QUESTION." R.1, Ex. B at 2; R.1, Ex. E at 2. This explanation was not sufficiently detailed to satisfy the requirements of section 301.6402-2(b)(1). Therefore, Cigarette City did not file a proper refund claim with the IRS. As a result, the Government contends, the district court did not have subject matter jurisdiction here. *See Kikalos v. United States*, 479 F.3d 522, 525-26 (7th Cir. 2007) (holding, in an almost identical case involving the Kikaloses' personal income taxes, that the district court lacked jurisdiction because the taxpayers had failed first to provide the IRS with a sufficiently detailed explanation of their claim).

Cigarette City concedes that its 1997 and 1998 refund claims did not comply with the specificity requirements of Treasury Regulation § 301.6402-2(b)(1). It maintains, nevertheless, that the IRS waived its right to insist on these procedural requirements because the Service in fact evaluated—and denied—Cigarette City's refund claims on the merits.

Although the Treasury cannot waive the congressionally mandated prerequisite that a claim be filed

with the IRS before an action is filed in the district court, the Supreme Court has held that the IRS may waive its own formal requirements. *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 296 (1945). The IRS may be found to have waived its specificity requirements if (1) it has sufficient knowledge of the taxpayer's claim, and (2) it either makes a determination on the merits or leads the taxpayer to believe that it treated the claim as formally sufficient. *Kikalos*, 479 F.3d at 525; *see also United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 70 (1933); *Goulding v. United States*, 929 F.2d 329, 332-33 (7th Cir. 1991). As we explained in *Kikalos*, however, "[i]n order to find waiver, the plaintiffs must unmistakably show 'that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim.'" 479 F.3d at 526 (quoting *Angelus Milling*, 325 U.S. at 297).

To establish that the IRS decided the claims on the merits, Cigarette City invites our attention to the IRS' notice of denial letters; it points out that each letter states that a "review of the case" had occurred. R.1, Ex. C, F. In Cigarette City's view, this language in the notice of denial letters suggests that the IRS in fact reviewed the merits of its claims. At the very least, it contends, the ambiguous language of the denial notices "le[d] the taxpayer to believe that the IRS treated the claim[s] as formally sufficient." *Kikalos*, 479 F.3d at 525. Additionally, continues Cigarette City, the IRS had in its possession more than 6,000 pages of documents pertaining to the refund claims, including letters from both Cigarette City's counsel and Nick Kikalos written in response to the deficiency assessments. Therefore, Cigarette City submits, the IRS had prior knowledge of the claims and easily could have considered their merits.

Cigarette City relies principally on our decision in *Goulding v. United States*, 929 F.2d 329 (7th Cir. 1991), for its contention that a vague and ambiguous notice of disallowance, in conjunction with the IRS' actual knowledge of the facts surrounding the dispute, can constitute a waiver. In *Goulding*, the IRS had issued a deficiency notice to the taxpayer. After paying the alleged deficiency, the taxpayer filed a refund claim with the IRS in which it stated simply that the amount "was neither due, nor properly assessed, and therefore illegally collected." 929 F.2d at 330. The IRS denied the refund, but its denial notice included a statement that it had rejected the taxpayer's request "per audit determination." *Id*. Goulding then filed a complaint in the district court, contesting the merits of the denial. The district court concluded that the taxpayer's filing had not complied with the IRS' specificity requirements, and therefore the court lacked jurisdiction to hear the case. *Goulding*, 929 F.2d at 333.

On appeal, however, we held that the IRS had waived its right to insist on these specificity requirements. *Id*. We noted that the words "per audit determination" in the denial notice were ambiguous and that the record demonstrated that the IRS had extensive knowledge of the taxpayer's claim because it already had litigated the same issues in a recent suit brought by the taxpayer's son. *Id*. at 333. Therefore, we held, the denial notice could have led the taxpayer to believe reasonably that the IRS had considered the merits of his claims. We concluded that the IRS had waived its right to insist on specificity. *Id*. The district court therefore had jurisdiction to consider the taxpayer's refund claim.

Cigarette City submits that here, as in *Goulding*, the IRS had extensive knowledge of the substance of the

taxpayer's refund claims. It notes that the IRS had collected over 6,000 pages of documents during the 1997 and 1998 audits of Cigarette City and that Nick Kikalos and his counsel each had sent letters to the IRS outlining their objections to the proposed adjustments. We find this argument unpersuasive. Cigarette City had sent its refund claims to the Cincinnati, Ohio office; the IRS, however, had received the letters and handled the audits in the Merrillville, Indiana office—a fact that we found significant in our previous decision in *Kikalos*. 479 F.3d at 526. More fundamentally, Cigarette City's refund claims made *no* reference to the existence of the documents or letters; they merely stated that its original filings had been correct. *Id*. The Supreme Court has cautioned that "it is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund." *Angelus Milling*, 325 U.S. at 299; *see also Kikalos*, 479 F.3d at 526. The IRS deals with voluminous numbers of claims, many of which involve voluminous records, and it has the right to insist that its regulations be followed. *See Hefti v. Internal Revenue Serv.*, 8 F.3d 1169, 1173 (7th Cir. 1993) (explaining that the regulations in question were intended to ensure that the IRS has adequate notice of the nature of the claim and the facts involved, the opportunity to correct its own errors and the ability to limit the scope of the refund litigation); *see also Martin v. United States*, 833 F.2d 655, 662 (7th Cir. 1987) (noting that knowledge of the claim does not defeat the IRS' right to require compliance with its regulations). The fact that the IRS could have addressed Cigarette City's claims on the merits does not necessarily mean that it has—or should have—addressed the merits in this case.

Cigarette City then insists that, regardless of whether the IRS in fact addressed the substance of the refund claims, the disallowance notices intimated that it had done so and, therefore, Cigarette City was free to proceed to the next stage of litigation. Specifically, Cigarette City focuses on the statement that the disallowance of the claim had come after "a review of the case." R.1, Ex. C, F. In its view, this "review of the case" language is akin to the "per audit determination" language used in *Goulding*, which we concluded was ambiguous enough to support a finding of waiver.

We agree that it is helpful to compare the disallowance letters in this case to the disallowance letters in other cases in which we have found a waiver of the procedural requirements; however, we cannot agree with Cigarette City's conclusion. In *Goulding*, the IRS sent a notice to the taxpayer stating that it had disallowed his claim "per audit determination." 929 F.2d at 330. There, we held that the phrase was sufficiently ambiguous to lead a reasonable taxpayer to believe that the IRS had denied his claim on the merits and that he therefore could challenge that determination in the district court. Similarly, in *Martinez v. United States*, 595 F.2d 1147 (9th Cir. 1979), the IRS sent a disallowance letter stating: "We have reviewed your claim and our files do not indicate a basis on which your claim can be allowed." *Id*. at 1147. The Ninth Circuit there held that the notice implied that the denial was based on the substance of that review; accordingly, it held that the IRS had waived its formal specificity requirements. *Id*. at 1148-49. In *Kikalos*, on the other hand, the IRS specified that it had rejected the taxpayers' claim because "no documentation was included to verify the amount on line 1 [of the 1998 refund claim]." 479 F.3d at 526. We

concluded that the disallowance letter in that case made clear that the denial was based on procedural grounds and that the IRS had not reviewed the merits of the Kikaloses' claim. *Id*.

We now must consider whether the disallowance letters in this case are more like those in *Goulding* and *Martinez*, which suggested that the IRS had dispensed with its formal requirements and denied the claim on its merits, or like letters in *Kikalos*, which suggested that the IRS had denied the claim on procedural grounds.

The disallowance letters in this case stated: "A review of the case showed a statutory notice was issued per Internal Revenue Code Section 6212, and since you failed to petition the United States Tax Court or respond, the tax was assessed per Internal Revenue Code Section 6213." R.1, Ex. C, F (identical statements). Unlike the language of the disallowance letters in *Goulding* and *Martinez*, the phrase "a review of the case" is not read easily here to mean "a review *of the merits* of the case." For example, courts often review a case to determine whether a party has complied with the requisite procedures before re-viewing the merits of the claim. A decision made after such a review does not imply that the case was decided on the merits. Here, the notice of disallowance gives no indication that the substance of Cigarette City's claims ever was considered. Instead, the letters state that Cigarette City's claim was denied because the taxpayer had "failed to petition the United States Tax Court or to respond." *Id*. This statement, like the one in *Kikalos*, indi-cates that the taxpayer failed to clear at least one proce-dural hurdle necessary to receive a refund—not that its claim was denied on its merits.

**B.**

There is, however, another problem in this case: The procedural hurdle referenced in the disallowance letters actually did not exist. Contrary to the statement of the IRS in its letter, Cigarette City was not required to petition the Tax Court or to respond before filing a refund claim with the IRS. *See United States v. Baggot*, 463 U.S. 476, 478-79 (1983) (explaining that a taxpayer has two mutually exclusive options for contesting the IRS' determination of deficiency: he may pay the assessment, file a refund claim with the IRS and then, if necessary, file suit in the district court to recover a refund; or he may petition the Tax Court for a redetermination of the deficiency).[2]

The Government concedes that its denial notice to Cigarette City included an inaccurate statement of the law; it maintains, however, that the misstatement of law did not indicate an intention by the IRS to dispense with the formal requirements for making a refund claim. We agree. Regardless of whether the proffered procedural ground ultimately was legitimate, the disallowance letters did not suggest that the IRS had considered the substance of Cigarette City's claims. Instead, the letters suggested that it denied the claims solely (if wrongly)

---

[2] Cigarette City asserts that 26 U.S.C. § 6402(k) requires the Commissioner to provide the taxpayer with an explanation for a disallowance. However, this argument was made for the first time in its reply brief; therefore, it was forfeited. *See Abstract & Title Guar. Co., Inc. v. Chicago Ins. Co.*, 489 F.3d 808, 812 (7th Cir. 2007). Furthermore, Cigarette City has not explained why the Government's failure to provide an *accurate* explanation for disallowance in its denial letter results in the waiver of all other defenses.

because the taxpayer had not sought a redetermination first in the Tax Court.

Cigarette City has the burden to prove that a waiver occurred. *Kikalos*, 479 F.3d at 526 (holding that taxpayers must "*unmistakably* show 'that the Commissioner has in fact seen fit to dispense with his formal requirements,'" in order to prove waiver (quoting *Angelus Milling*, 325 U.S. at 297)) (emphasis added). Because Cigarette City has not provided any evidence that the IRS considered the merits of its claim, and the disallowance letters did not clearly suggest otherwise, we cannot say that the specificity requirements were waived here.

We have not overlooked the fact that the IRS, a Government agency, has twice sent what appears to be a form letter to a taxpayer, stating a clearly erroneous proposition of law. Navigating the tax code is difficult enough already; taxpayers should not be affirmatively led in the wrong direction by the Government. Nevertheless, Cigarette City submitted the necessary forms for requesting a refund well before it received the erroneous letters from the IRS. The fact remains that the 1120X form, on its face, requires the taxpayer to state reasons for any proffered amendments and to show all calculations in detail. Cigarette City simply chose not to comply with these instructions. Its non-compliance was not caused by the Commissioner's erroneous justification for disallowing the claim after-the-fact.[3] The Government's subsequent failure

---

[3] In its reply brief, Cigarette City for the first time submits that it was prejudiced by the Government's failure to raise the procedural ground at issue here until after its complaint had been filed and the statute of limitations had run. Had the

(continued...)

to explain adequately its reasons for denial in this case does not excuse the taxpayer's initial failure to file a properly detailed refund claim.

## C.

Finally, Cigarette City contends that the Government's failure to raise the jurisdictional issue initially in its answer to the complaint precludes the Government from later filing a motion to dismiss on jurisdictional grounds. Although jurisdiction cannot be created by consent of the parties and the issue of subject matter jurisdiction may be raised at any time, Cigarette City suggests that the Government's failure to invoke its procedures at the first available opportunity is simply another factor that suggests a waiver occurred in this case. *See Goulding*, 929 F.2d at 333 (noting that "the fact that the government waited for several years to raise this defense points to waiver"); see also *First Nat'l Bank of Fayetteville v. United States*, 727 F.2d 741, 745 (8th Cir. 1984) (holding that the Government waived its right to object to the sufficiency of

---

[3] (...continued)
IRS more promptly supplied an accurate ground for denial, Cigarette City could have filed a new refund claim with the IRS in compliance with the applicable treasury regulations. The Government's affirmative misstatement of the law, it contends, prevented it from doing so here. *But see LaBonte v. United States*, 233 F.3d 1049, 1053-54 (7th Cir. 2000) (holding that the Government is not estopped from enforcing procedural requirements when it fails to inform a taxpayer of their existence). We have warned litigants on numerous occasions, moreover, that arguments raised for the first time in a reply brief are forfeited. *Abstract & Title Guar. Co.*, 489 F.3d at 812.

the taxpayer's claim when it failed to assert the procedural requirements until after the district court had entered judgment).

Both of these cases, however, are readily distinguishable. In *First National Bank*, 727 F.2d at 745, the Eighth Circuit found that the Government had waived its insufficiency defense when it asserted the defense for the first time in a "very tardy" motion—after judgment already had been entered on the merits. The four-month delay in this case is hardly comparable to that in *First National Bank*. Similarly, in *Goulding*, the IRS failed to invoke the specificity requirements in its disallowance letter, in its answer to the complaint, or in any other motion made prior to its motion for summary judgment that was filed nearly two years after the complaint. *Goulding*, 929 F.2d at 330 & n.1. We noted this fact when we found waiver in *Goulding*; however, we emphasized that, in addition to the substantial delay in invoking the procedural requirements, the IRS had suggested in its disallowance letter that the claim was denied on the merits, that it had responded substantively to Goulding's claims throughout the proceedings and that it later conceded waiver explicitly and asked for a determination on the merits. *Id*. at 333. The Government's failure to assert the insufficiency defense in its initial answer was merely one of several factors that pointed toward waiver in *Goulding*. Here, on the other hand, the motion to dismiss on jurisdictional grounds was filed four months after the initial answer to the complaint (and within the district court's schedule for amending pleadings). Also, as we already have noted, the Government's disallowance letter did not suggest that Cigarette City's claim had been evaluated on the merits, and its answer to the complaint did not dispute the

merits of the claim. No intervening substantive motions were filed, and the Government soon thereafter filed a motion to dismiss based solely on jurisdictional grounds. Each of the factors that pointed toward waiver in *Goulding* points in the opposite direction here.

In sum, we conclude that the Government did not waive its right to insist that the specificity requirements be followed in this case. Accordingly, the district court properly concluded that it did not have jurisdiction to consider Cigarette City's claim for a refund.

### Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED