**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2009[*]
Decided October 14, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-1219

| | |
|---|---|
| LAWSON ALVIN ROSE, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 08 C 882 |
| UNITED STATES POSTAL SERVICE, | |
| EQUAL EMPLOYMENT | James B. Zagel |
| OPPORTUNITY COMMISSION, and | *Judge.* |
| MERIT SYSTEMS PROTECTION | |
| BOARD, | |
|     *Defendants-Appellees*. | |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(A)(2).

Lawson Rose appeals from the district court's order dismissing his employment-discrimination suit for failing to effect timely service under Federal Rule of Civil Procedure 4(m). We affirm.

In February 2008, Rose, a former postal worker, sued the United States Postal Service (and two other defendants who we need not discuss) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Two months later, in April, the district court dismissed the case for failure to pay the required filing fee. After Rose paid the fee, the court reinstated the case, warned Rose that failure to properly serve the defendant under Rule 4 would result in a dismissal of the action, and further directed him to timely file the appropriate returns or waivers of service of summons and complaint in order to avoid dismissal. Rose did nothing.

At status hearings in November and December, the court asked Rose whether he had served the defendant. When Rose replied at the second hearing that he had not, the court took the matter "under advisement" for review of the rules.

In December 2008, the court dismissed the case for failure to complete service. In a minute order the court noted that Rose had been warned that he had to serve the defendant: "The advice was embodied in a minute order in the public record and sent to plaintiff. Plaintiff states that he was unaware of this requirement but this is impossible to credit because in a previous case he did serve defendants." The court noted that eight months has passed and the defendant was not in hiding.

On appeal Rose argues that the district court abused its discretion by failing to provide relief from Rule 4(m)'s requirement for timely service. Under Rule 4(m), a plaintiff must serve process within 120 days of filing a complaint or else show "good cause" for any delay. FED. R. CIV. P. 4(m). Rose contends that his delay is due to good cause—namely, his unfamiliarity as a pro se litigant with the "technicalities" of federal procedure.

But neither a party's pro se status nor his inexperience as a litigant excuse him from complying with the requirements of Rule 4(m). *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) ("To hold that complete ignorance of Rule 4(j) [predecessor of Rule 4(m)] constitutes good cause for untimely service would allow the good cause exception to swallow the rule.").

Nor do we question the district court's conclusion that Rose failed to show he was unaware of his Rule 4 requirements. Rose cannot explain why, after three directives from the court, he could not come to terms with his obligations, particularly since he had managed to serve process on the Postal Service in a previous suit. Rose has not pointed to

anything in the record that casts doubt on the court's finding that his excuse was not credible.

Finally, Rose argues for the first time in his reply brief that the court abused its discretion when it dismissed the case with prejudice. But Rose forfeited this argument by failing to raise it in his opening brief. *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 524 & n.2 (7th Cir. 2008); APS *Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002); *Georgou v. Fritzshall*, 178 F.3d 453, 457 (7th Cir. 1999).

Accordingly, we AFFIRM the district court's judgment.