FILED
United States Court of Appeals
Tenth Circuit

October 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN M. DZULA and JOANNA DZULA,

Plaintiffs – Appellants,

v.

UNITED STATES OF AMERICA,

Defendant – Appellee.

No. 09-2050
(D. N.M.)
(D. Ct. No. 2:08-CV-00079-RB-LFG)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this panel concludes that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision without oral argument.

John M. Dzula and Joanna Dzula, husband and wife, appearing pro se and *in*

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

*forma pauperis* (*ifp*),[1] appeal from the district court's orders granting summary judgment in favor of the Internal Revenue Service (IRS) and denying their motion for reconsideration. We affirm.

## I.       BACKGROUND

The parties are familiar with the facts and we repeat only the most essential facts here. From 1992 to 1994, John Dzula ("Dzula") earned income as a self-employed landlord. In August 1992, Dzula transferred one of his rental properties to his ex-wife, which they represented as a sale in order to obtain financing. Dzula did not report the sale on his 1992 federal income tax return. The IRS learned of the sale and determined Dzula had tax deficiencies for 1992, 1993 and 1994, in part as a result of not reporting the sale.

Dzula did not pay the additional taxes owed and the IRS filed notices of federal tax liens on his properties. In 2005, Dzula was forced to sell his rental properties because of delinquent property taxes among other things. The title company facilitating the sale sent Dzula's share of the sale proceeds to the IRS in order to obtain discharges of the liens. The IRS received a total of $156,670.04 in satisfaction of Dzula's delinquent 1992, 1993 and 1994 tax liabilities, including penalties and interest.

Dzula alleges he filed administrative refund claims with the IRS office in Phoenix, Arizona, in 2005. The IRS has no record of receiving Dzula's claims. On April 11, 2005, the IRS sent Dzula a notice stating he was entitled to a refund totaling $836.64

---

[1] We liberally construe the Dzulas' pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

because the payments sent by the title company exceeded Dzula's tax liabilities.  On May 19, 2005, Dzula allegedly sent a letter to the IRS office in Ogden, Utah, acknowledging receipt of the refund checks and demanding an additional refund of $160,000.  Dzula did not identify any specific factual or legal basis for his demand.  In January 2008, Dzula sent claims to the IRS that he alleges were a second notice of the claims he sent in 2005.  On April 9, 2008, the IRS notified Dzula that the statute of limitations had run on his refund requests.

On January 22, 2008, Dzula and his current wife, Joanna Dzula (collectively "the Dzulas"), filed a pro se complaint against the IRS, seeking a refund of income taxes collected for the 1992, 1993 and 1994 tax years and consequential damages.  The district court granted the Dzulas' motion to proceed *in forma pauperis* (*ifp*).

The IRS filed a motion for summary judgment which the district court granted.  It held Joanna lacked standing to contest the tax liabilities at issue because she was not married to Dzula during the relevant time period.  It held it lacked subject matter jurisdiction over Dzula's claims because he failed to file proper administrative claims for refunds.  The court entered judgment in favor of the IRS on January 7, 2009.

Though represented by counsel, the Dzulas filed a pro se motion for reconsideration on January 22, 2009.  The court denied their motion because: (1) the Local Rules of the District of New Mexico do not permit a party represented by an attorney to file a pro se motion for reconsideration without leave of the court; and (2) the motion was untimely under Rule 59(e) of the Federal Rules of Civil Procedure because it was not filed within ten days of the entry of the judgment and the Dzulas were not

3

entitled to relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In any event, the court noted its order and judgment "represent the correct legal disposition of this case." (R. Vol. I at 565.)

## II. DISCUSSION

The Dzulas challenge the district court's orders granting summary judgment to the IRS and denying their motion for reconsideration. Their brief is disjointed and conclusory — barely comprehensible. However we are able to fill in the blanks from the district court's opinion and are thus able to infer the gist of their appeal.

### A. Summary Judgment

"We review the district court's grant of summary judgment de novo." *Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and draw all reasonable inferences from the record in favor of the non-moving party." *Young*, 468 F.3d at 1249.

The district court concluded Joanna lacked standing to contest the tax liabilities at issue because she was not married to Dzula during the relevant time period. On appeal, the Dzulas argue: "Joanna . . . has standing in this legal Action [sic] since Mrs. Dzula was a record owner of the Property Sold subject to IRS Lien, and she suffers ongoing damages as [a] result of foregoing acts of IRS." (Appellant's Br. at 7.) In contravention of Rule 28 of the Federal Rules of Appellate Procedure, the Dzulas do not cite legal

4

authority in support of their position. *See* Fed. R. App. P. 28(a)(9)(A) (an appellate brief "must contain . . . citations to the authorities and parts of the record on which the appellant relies"). "When a pro se litigant fails to comply with [Rule 28], we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (quotations omitted). We deem an issue waived where, as here, an appellant's statements in support of the issue "consist[] of mere conclusory allegations with no citations to the record or any legal authority . . . ." *Id.*; *see also United States v. Banks*, 451 F.3d 721, 728 (10th Cir. 2006) (declining to address issue for which the appellant provided no supporting legal authority), *cert. denied*, 129 S. Ct. 952 (2009).

The district court held it lacked subject matter jurisdiction over Dzula's claims pursuant to 26 U.S.C. § 7422(a) because he failed to file proper administrative claims for refunds. The Dzulas contend the court had jurisdiction to hear Dzula's claims. "[T]he party invoking federal jurisdiction bears the burden of proof." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quotations omitted).

Pursuant to 28 U.S.C. § 1346(a)(1), district courts have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ." However, a party bringing such an action must exhaust his administrative remedies by filing a timely and proper refund claim prior to filing suit. *See* I.R.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or

5

credit has been duly filed with the Secretary, according to the provisions of law in that regard . . . ."); *see also Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 520 (7th Cir. 2008) (the procedural requirement of filing a proper administrative claim "has long been considered a jurisdictional prerequisite").

The applicable regulations require that with respect to any refund claim for income taxes: (1) "the claim with appropriate supporting evidence must be filed with the service center serving the internal revenue district in which the tax was paid," and (2) "[t]he claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. §§ 301.6402-2(a)(2), (b)(1). Dzula's refund requests did not comply with either of these requirements. Dzula mailed his requests to the IRS Service Center in Phoenix, Arizona, rather than the IRS Service Center in Austin, Texas, which was the center that served his district during the relevant time period and was the address listed on the forms. Moreover, as the district court found, Dzula's refund claims failed to set forth an adequate factual or legal basis for the claimed refund.

Dzula contends the IRS was estopped from arguing the court lacked jurisdiction due to the fact his refund requests were not properly filed because the IRS acted on the requests by issuing a partial refund.[2] The court rejected this argument because "it is an open question whether estoppel may ever run against the government" and, in any case, Dzula "has failed to provide any evidence that would support a claim that the government

---

[2] The IRS claims it issued the partial refunds after receiving the checks from the title company, not as a result of Dzula's request.

engaged in affirmative misconduct" which would be necessary to support an estoppel claim. (R. Vol. I at 524.) We agree with the court's reasoning and its conclusion.

The Dzulas also contend the court erred in rejecting their argument that the court had subject matter jurisdiction by virtue of the informal claim doctrine. The court recognized:

> The informal claim doctrine mandates that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject as being too general or because it does not comply with the formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.

(*Id.* at 524-25.) There are three components to an informal claim; a claim must: (1) "provide the . . . IRS with notice that the taxpayer is asserting a right to a refund"; (2) "describe the legal and factual basis for the refund"; and (3) "must have some written component." *New England Elec. Sys. v. United States*, 32 Fed. Cl. 636, 641 (Fed. Cl. 1995). The court concluded this doctrine was inapplicable because "Dzula failed to describe the legal and factual basis for his refund request." (*Id.* at 525.) Again, we agree with the court's reasoning and its conclusion.

B.     Motion for Reconsideration

The district court denied the Dzulas' pro se motion for reconsideration because, *inter alia*, the Local Rules of the District of New Mexico do not permit a party represented by an attorney to file a pro se motion for reconsideration without leave of the court. We review the district court's decision for an abuse of discretion. *See Barber ex rel. Barber v. Colo. Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) ("We review

7

a district court's denial of a Fed.R.Civ.P. 59(e) motion for reconsideration under an abuse of discretion standard."); *Amundsen v. Jones*, 533 F.3d 1192, 1197 (10th Cir. 2008) ("We review a district court's application of its local rules for an abuse of discretion.").

Rule 83.5 of the Local Rules of the District of New Mexico provides: "A party who is represented by an attorney may not personally make any filings, other than a notice of appeal, or represent himself or herself unless otherwise ordered." The Dzulas do not dispute they were represented by counsel at the time they filed their pro se motion for reconsideration; nor do they claim they obtained leave of the court to file their motion pro se. The district court has considerable latitude in interpreting and applying its local rules. *See Bylin v. Billings*, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009) (recognizing "the wide latitude district courts enjoy in interpreting and administering their own rules"). We perceive no abuse of discretion.

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge