T.C. Memo. 2014-243

UNITED STATES TAX COURT

TERESA PALOMARES a.k.a. TERESA GARCIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2301-13.                        Filed December 2, 2014.

<u>Jennifer A. Gellner</u>, for petitioner.

<u>Alicia H. Eyler</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Petitioner sought relief under section 6015(f)[1] from joint

and several liability stemming from the joint return she filed with her former

_____

[1]Section references are to the Internal Revenue Code in effect for all
relevant times.

[*2] husband for 1996. In particular, petitioner sought refunds of various credits respondent had applied against the 1996 joint liability from subsequent years for which she had filed individually as a head of household. See sec. 6015(g)(1). Petitioner made her initial refund claim using Form 8379, Injured Spouse Allocation. Form 8379 was designed for allocation of tax liability on a joint return by an "injured" spouse. It was not designed for requesting the type of relief petitioner sought. Although petitioner sought relief from the application of later years' credits against the 1996 liability, respondent denied relief because she used the wrong form. Respondent provided petitioner with the correct form for the relief sought, a Form 8857, Request for Innocent Spouse Relief. Petitioner subsequently filed the Form 8857, and respondent determined she was entitled to some relief. Respondent granted refunds of the payments made within two years of petitioner's filing the Form 8857 that had been applied to reduce the 1996 liability. The question we consider is whether the incorrect form, the Form 8379, met the requirements of the informal claim doctrine. If it did, we must decide whether respondent's refusal to grant refunds of amounts requested within the statutory period running from the date of the Form 8379 was improper.

[*3]                         FINDINGS OF FACT

Petitioner resided in Washington State at the time her petition was filed. She spoke very little English and generally conversed in Spanish. For the taxable year 1996 petitioner filed a married filing jointly Form 1040, U.S. Individual Income Tax Return, with her spouse, Jesus Palomares. During 2005 petitioner separated from Mr. Palomares. She filed Federal income tax returns, using head of household status, for 2005, 2006, 2007, and 2008. She knew little about the preparation and filing of returns and sought the assistance of a paid return preparer. During 2005, after being separated, petitioner obtained a job sorting apples and in 2007 obtained a position at Walmart. Elizabeth Ortiz, who worked at Walmart, assisted petitioner in applying for a position because petitioner did not have sufficient familiarity with English to complete the application.

On April 15, 2006, respondent applied a $2,198.91 refund credit from 2005 against petitioner's joint 1996 tax liability with Mr. Palomares. On April 15, 2007, respondent applied refund credits of $5.85 and $3,057.15 from 2006 against petitioner's joint 1996 tax liability with Mr. Palomares. On April 15, 2008, respondent applied a $3,254 refund credit from 2007 against petitioner's joint 1996 tax liability with Mr. Palomares. On July 14, 2008, respondent applied a $600 refund credit from 2007 against petitioner's joint 1996 tax liability with Mr.

**[*4]** Palomares.  Finally, on April 15, 2009, respondent applied a $300 and a $5,777 refund credit from 2008 against petitioner's joint 1996 tax liability with Mr. Palomares.

For 2006 and 2007 petitioner requested refunds of tax in the Federal income tax returns that she filed.[2]  When the refunds were not received, she sought the aid of Northwest Justice, a legal clinic, which helped her fill out a Form 8379.  On July 1, 2008, petitioner submitted the Form 8379 requesting a $3,254 allocation regarding her 2007 tax year.  On September 24, 2008, respondent sent petitioner a letter acknowledging receipt of the Form 8379 and determining that she did not qualify for the type of relief sought on that form.  Respondent's letter went on to explain that "Form 8379 is valid for married filing joint returns only" and that petitioner "may have intended to file Form 8857 for the Innocent Spouse relief."  Respondent enclosed a copy of the Form 8857 with the September 24 letter.  Petitioner did not file a refund suit with respect to the denial of relief requested in the Form 8379.  She did not call or otherwise contact respondent with respect to the September 24 letter.

[2]There is no dispute concerning whether these claims were timely, and respondent allowed the refunds by applying them as payments for the 1996 joint tax liability.

**[*5]**    When petitioner received respondent's September 24 letter and the Form 8857, she spoke only limited English.  When she received the September 24 letter, she understood that she was not going to receive her refund at that time but did not understand that she needed to do more to pursue her claim.  Petitioner did not submit the Form 8857 seeking a refund of the 2006, 2007, and 2008 credits that were applied against her and Mr. Palomares' 1996 joint Federal tax liability until August 2010.

In addition to having a limited ability to communicate in English, petitioner experienced numerous personal problems from 2008 through 2010.  In 2008 Mr. Palomares physically abused petitioner and threatened her with a gun.  Petitioner sought assistance from Northwest Justice in connection with these events.  From 2008 to 2010 Northwest Justice also assisted petitioner with her child custody battle, which lasted for two years, and her divorce proceeding.  During the same period petitioner's father, who lived in Mexico, was extremely ill, and her wages were garnished because of Mr. Palomares' outstanding business obligations.  These events and other stresses in petitioner's life caused her to become depressed.  The symptoms of petitioner's depression included hopelessness, confusion, and forgetfulness.  She was actively treated and took medication for her depression until sometime in 2010.

**[\*6]** On January 19, 2010, petitioner's marriage to Mr. Palomares was dissolved by decree of the Superior Court of Washington State. Petitioner learned from the attorney who was assisting her in the divorce proceeding that respondent had applied her refunds to the 1996 joint tax liability. In August 2010 petitioner mailed a Form 8857 seeking a refund of the 2006, 2007, and 2008 credits that were applied against her and Mr. Palomares' 1996 joint Federal income tax liability. In a proposed determination letter dated September 15, 2010, petitioner was advised that respondent was prepared to deny her Form 8857 claim because it was not timely filed.[3]

On May 14, 2012, following the Commissioner's decision to no longer apply the two-year limitation to requests for relief from joint and several liability pursuant to section 6015(f), respondent granted petitioner partial "innocent spouse relief". See Notice 2011-70, 2011-3 I.R.B. 135. Respondent granted partial relief because some of the payments were not made within two years of the claim made

---

[3]Petitioner filed her Form 8857 more than two years after the date of respondent's first collection activity. When petitioner filed her Form 8857 the two-year time limit imposed by the Commissioner for seeking sec. 6015(f) relief had recently been met with disapproval in Lantz v. Commissioner, 132 T.C. 131 (2009), rev'd and remanded, 607 F.3d 479 (7th Cir. 2010). The Commissioner disagreed with, and had appealed, the holding in Lantz. Respondent offered to suspend petitioner's request for sec. 6015(f) relief pending a resolution of the Lantz issue, and petitioner agreed.

[*7] on the Form 8857. Petitioner appealed the May 14 determination, arguing that relief should be granted from the date of her Form 8379. Respondent's final Appeals determination dated November 2, 2012, advised petitioner of the determination that relief would be granted only with respect to payments made within two years from the date of her Form 8857.

The April 15, 2009, payment date is within two years of the August 2010 Form 8857, but the April 15, 2006, 2007, and 2008, and July 14, 2008, payments were made more than two years before the filing of the Form 8857. The April 15, 2006, payment was also made more than two years before petitioner's Form 8379 was filed, but petitioner has not filed a request for refund with respect to that payment. The April 15, 2007 and 2008, and the July 14, 2008, payments were made within two years of the filing of petitioner's Form 8379.

## OPINION

Petitioner is seeking a refund, pursuant to section 6015(f) and (g)(1), of overpaid tax withheld from her wages during her 2006 and 2007 tax years that respondent applied against her 1996 joint tax liability. Respondent denied petitioner a refund on the ground that she did not file the correct form for a refund within the statutorily prescribed time, in this case two years from the time the tax

[*8] was paid.[4]  See sec. 6015(g)(1) (providing, in pertinent part, that a credit or refund may be allowed pursuant to section 6015 subject to the requirements of section 6511).  Petitioner contends that her submission of the Form 8379 during 2008 was an informal claim, was made within the two-year period, contained pertinent information, and tolled the limitation period until she filed the Form 8857 in 2010.  Respondent disagrees, conceding that the informal claim doctrine may apply to a technically deficient request for relief but contending that petitioner's Form 8379 did not constitute an "informal claim".  We must decide whether petitioner's 2008 Form 8379 was an "informal claim" that would have tolled the period within which a claim can be filed.  If it was a qualified informal claim, we must decide whether respondent erred in refusing to grant refunds to petitioner with respect to the overpaid tax withheld from her wages during 2006 and 2007 and applied against her 1996 joint liability.

---

[4]Sec. 6511(a) concerns the period of limitation on the filing of a claim for a credit or refund of an overpayment of any tax.  That section sets forth time limits within which a claim must be made.  There is no controversy concerning the prescribed limits of sec. 6511.  Respondent granted petitioner partial relief by determining that she was an "innocent spouse" under sec. 6015(f) and that she was entitled to certain refunds claimed in her 2010 Form 8857 that respondent determined were timely.  The refunds remaining in dispute are those that would be considered timely if a qualifying informal claim was filed before the 2010 Form 8857.

**[\*9]** I.  <u>Whether Petitioner's Form 8379 Constituted an Informal Claim for Refund</u>

Petitioner's Form 8379 was a formal claim for an injured spouse allocation, but that does not automatically preclude it from meeting the requirements of an "informal claim" for refund based on relief from joint and several liability if it provides the Commissioner with the salient information about the taxpayer's claim.  <u>Cf.</u> sec. 1.6015-5(a), Income Tax Regs. (providing that a written statement will constitute a request for section 6015 relief so long as it contains the same information required on a Form 8857 and is signed under penalties of perjury).  On the basis of the facts and circumstances in this case, we hold that petitioner's Form 8379 does not satisfy the requirements of the informal claim doctrine.

The informal claim doctrine is an equitable doctrine established by Federal courts that permits an informal claim for refund to suffice if it provides the Government with sufficient notice that a taxpayer is making a claim.  <u>See</u> <u>United States v. Kales</u>, 314 U.S. 186 (1941).  A timely informal claim that meets the judicial standard can be subsequently amended and keep open an otherwise expiring period of limitation on making a claim.  The sufficiency or adequacy of an informal refund claim is largely a question of fact.  <u>United States v. Commercial Nat'l Bank of Peoria</u>, 874 F.2d 1165, 1170 (7th Cir. 1989) (citing <u>Martin v. United States</u>, 833 F.2d 655, 661 (7th Cir. 1987)).

**[*10]**  A.  <u>An Informal Claim Must Satisfy Three Requirements</u>.

This Court has held that an informal claim must provide the Government

with fair notice of the basis of the claim for refund.  <u>See</u> <u>Hollie v. Commissioner</u>,

73 T.C. 1198, 1213 (1980).  What constitutes "fair notice" varies from case to

case, depending upon the factual circumstances.  There is no fixed threshold that

must be met.  There are, however, some broad categories that courts have

considered to decide whether a particular claim constitutes fair notice.  In his

opening brief[5] respondent advanced the following quotation from a Memorandum

Opinion of this Court addressing the requirements of the informal claim doctrine:

> It has long been recognized that a writing which does not qualify as a
> formal refund claim nevertheless may toll the period of limitations
> applicable to refunds if (1) the writing is delivered to the Service
> before the expiration of the applicable period of limitations, (2) the
> writing in conjunction with its surrounding circumstances adequately
> notifies the Service that the taxpayer is claiming a refund and the
> basis therefor, and (3) either the Service waives the defect by
> considering the refund claim on its merits or the taxpayer
> subsequently perfects the informal refund claim by filing a formal
> refund claim before the Service rejects the informal refund claim.
> * * * [<u>Jackson v. Commissioner</u>, T.C. Memo. 2002-44, slip op. at 10].

In <u>Jackson</u> the Court explained that the relevant inquiry is "whether, under all the

facts and circumstances, petitioner gave sufficient notice of the basis for his

---

[5]Respondent's pretrial memorandum, by agreement of the parties, was
treated as his opening brief in a seriatim briefing pattern.

[*11] refund claim to respondent so that respondent could investigate the claim and make a determination on the merits." Id., slip op. at 11. The above-quoted paragraph presents a template for consideration of whether a particular informal claim constitutes "fair notice" to the Commissioner of a particular taxpayer's claim.

1. Writing Delivered to the Internal Revenue Service Within the Period of Limitations

Courts have held that a completed Internal Revenue Service form can meet the writing requirement. In Kaffenberger v. United States, 314 F.3d 944 (8th Cir. 2003), the Court held that a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, satisfied the writing requirement. The Form 8379 is a writing that was delivered to respondent in 2008, before the end of the two-year statutory period for filing a claim for refund for some of the tax payments under consideration.

2. Notice of the Claim for Refund and Its Basis

We must next consider whether the Form 8379 "in conjunction with its surrounding circumstances adequately notifie[d] the Service that * * * [petitioner] is claiming a refund and the basis therefor". Jackson v. Commissioner, slip op. at

[*12] 10.  In other words, we consider whether respondent was on notice that a refund was being claimed and was also aware of the underlying basis for that claim.

Petitioner argues that the Form 8379 satisfies those requirements because it is used by taxpayers to claim all or a portion of the refund related to a joint return. Further, petitioner argues that respondent was aware of the basis of petitioner's refund because respondent's September 24 letter acknowledges that petitioner was seeking a refund and that she "may have intended to file Form 8857 for the Innocent Spouse relief."

Respondent argues that petitioner's Form 8379 did not provide sufficient information to make him aware that she was seeking a refund based on relief from joint and several liability.  Respondent also argues that he should not have to make inferences from the forms filed by taxpayers.

Petitioner's Form 8379 did not convey sufficient information to notify Respondent that she was seeking relief from joint and several liability for the 1996 tax year and a refund of amounts that had been applied against the liability for that year.  On its face, petitioner's Form 8379 requests only an allocation of items reported on a joint return for 2007.  Respondent determined that petitioner did not qualify for an injured spouse allocation because she did not file a joint return for

**[*13]** 2007. Upon receipt of petitioner's Form 8379, respondent was unaware of the details of petitioner's personal life, her separation from her husband, or her belief that she should not be held liable for the 1996 tax liability. Though respondent's September 24 letter notes that petitioner may have intended to file a Form 8857 and a copy of that form was included with the letter, this courtesy cannot be construed as reflecting Respondent's awareness that petitioner was seeking a refund based on a request for relief from joint and several liability for the 1996 year.

We hold that petitioner's Form 8379 was insufficient to put respondent on notice that petitioner was seeking a refund on the basis of a request for section 6015 relief from joint and several liability for the 1996 tax year. See Goldin v. Commissioner, T.C. Memo. 2004-129.

### 3. The Service Waives the Defect or the Taxpayer Perfects the Claim Before it Is Rejected

The taxpayer's perfection of the informal claim by filing a formal refund claim before the Commissioner rejects the informal claim is the final element considered to determine whether an informal claim has been made. See United States v. Memphis Cotton Oil Co., 288 U.S. 62 (1933). As discussed above, petitioner's Form 8379 did not constitute an informal claim for refund based on a

**[*14]** request for relief from joint and several liability, so we will not further address this element.

    B.  <u>The Informal Claim Doctrine Can Provide Equitable Relief</u>.

The informal claim doctrine was designed to provide equitable relief to a taxpayer who makes a good-faith attempt to amend harmless errors in connection with a refund claim even though the period of limitation would otherwise have expired. <u>Kikalos v. United States</u>, 479 F.3d 522, 527 (7th Cir. 2007). While we are sympathetic to petitioner's situation and the hardships she faced in her personal life, finding that her Form 8379 was an informal request for refund based on relief from joint and several liability would place an unfair burden on the Government.

Although petitioner was incorrectly advised to submit a Form 8379 to obtain a refund of amounts applied against the 1996 tax liability, her Form 8379 did not reference 1996 and would require Respondent to research years other than the year 2007 which was included on the Form 8379. If we were to hold that respondent was on notice on the basis of those facts, such a result would place an unreasonable burden on the Government. While the informal claim doctrine provides for equitable relief, to find that petitioner's Form 8379 qualifies as an informal claim would stretch the doctrine beyond reasonable boundaries.

**[*15]** Respondent agreed that petitioner was an "innocent spouse" and therefore entitled to a refund of the 2008 credits applied to the 1996 joint year. Unfortunately, petitioner was no less an "innocent spouse" with respect to the credits from 2006 and 2007 that were applied against the 1996 joint year, but the statutory time for claiming a refund had expired at the time she filed her Form 8857.

II. Whether Respondent Improperly Failed To Grant Petitioner a Refund of the Amounts From the 2006 and 2007 Tax Years

Having concluded that petitioner's Form 8379 does not qualify as an informal claim for refund, we also conclude that the period to request a refund for 1996 of the credits attributable to the 2006 and 2007 tax years had expired when she filed her Form 8857 request for relief from joint and several liability. Consequently, respondent properly denied petitioner a refund of those credits.

To reflect the foregoing,

An appropriate decision will be entered.